■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FLOOD, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered July 13, 1987, convicting defendant after a jury trial of robbery in the first degree and sentencing him to an indeterminate term of imprisonment of from 3 to 9 years, unanimously affirmed.

On March 15, 1987, at 3:40 P.M., defendant entered a candy store located between 89th and 90th Streets on Second Avenue in Manhattan and, threatening the store owner with a knife, took approximately $30 from the cash register. Defendant was subsequently chased, apprehended and taken into police custody.

Defendant argues that he was deprived of the effective assistance of counsel, that he was prejudiced by improper remarks of the prosecutor, and finally, that the court improperly failed to charge the jury as to the lesser included offense of robbery in the third degree.

As regards the first two claims of error, defendant has failed to preserve them as a matter of law for appellate review and we therefore decline to reach them. (CPL 470.05 [2]; *People v Jones,* 55 NY2d 771, 773; *People v Tardbania,* 72 NY2d 852 [summation claim].) Were we to consider them, in the interests of justice, we would nonetheless affirm, finding them to be without merit.

As regards defendant's third claim, that of the failure to charge the lesser included offense, we find this argument similarly without merit. A lesser included offense charge is warranted if there is a reasonable view of the evidence upon which the jury could find that the defendant committed the lesser offense, but not the greater. (CPL 300.50 [1]; *People v Glover,* 57 NY2d 61, 63.) We find that there is no reasonable view of the evidence which would have supported a finding that defendant committed robbery in the third degree rather

than robbery in the first degree. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.