■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW ANDERSON, Appellant. [612 NYS2d 25] —Judgment, Supreme Court, New York County (Clifford Scott, J.), rendered

December 9, 1991, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him as a predicate felony offender to concurrent terms of 12½ to 25 years and 7½ to 15 years, respectively, unanimously affirmed.

Defendant and a codefendant were apprehended moments after and in close proximity to the scene of a nighttime street robbery. The victim flagged down a passing police car, pointed out the fleeing perpetrators, pointed out defendant moments later as the police car turned a corner in pursuit, and then provided a prompt on-the-scene confirmatory identification. Codefendant was apprehended nearby, and the victim's jacket was recovered at that location. At trial, the victim positively identified defendant as the perpetrator who had placed a knife or a sharp object to his throat as he demanded the jacket.

Viewing the evidence in a light most favorable to the People and giving due deference to the jury's findings of credibility *(People v Bleakley,* 69 NY2d 490, 494-495), the verdict was not against the weight of that evidence. The knife or sharp object, used in this manner claimed, satisfied the dangerous instrument element of the crime (Penal Law § 10.00 [13]; *People v Thomas,* 161 AD2d 543, *lv denied* 76 NY2d 866).

On the record presented, we find no lack of meaningful representation. Defendant misconstrues the critical distinction between a showup, such as at a precinct house, which is presumptively unreliable *(People v Riley,* 70 NY2d 523), and prompt, on-the-scene confirmatory identifications, which are accorded great reliability *(People v Duuvon,* 77 NY2d 541). As such, counsel's failure to raise a *Riley*-type challenge did not deprive defendant of meaningful representation *(People v Barshai,* 100 AD2d 253, 256, *lv denied* 62 NY2d 804, *cert denied* 469 US 885). Defendant's bolstering claims are unpreserved for review as a matter of law due to either a failure to object at all or to objection on other grounds *(People v Gonzalez,* 55 NY2d 720, 722, *cert denied* 456 US 1010), and we decline to review them in the interest of justice. We have considered defendant's remaining claims and find them to be without merit. Concur—Ellerin, J. P., Asch, Rubin, Nardelli and Williams, JJ.