■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR BETANCURTH, Appellant. [781 NYS2d 894]—Judgment, Supreme Court, New York County (William Wetzel, J.), rendered on or about July 22, 2002, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Tom, J.P., Sullivan, Williams, Friedman and Marlow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAIAH NELSON, Appellant. [782 NYS2d 75]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered December 5, 2002, convicting defendant, after a jury trial, of attempted robbery in the first degree, criminal possession of a weapon in the third degree, and resisting arrest, and sentencing him, as a second violent felony offender, to concurrent terms of 10 years, 2 to 4 years, and 1 year, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]). The credible evidence warranted the inference that when defendant pointed a nail file at the victim's chest and demanded money, he intended to steal and was threatening the immediate use of a dangerous instrument (*see People v Elliot*, 298 AD2d 290 [2002], *lv denied* 99 NY2d 558 [2002]). Concur—Tom, J.P., Sullivan, Williams, Friedman and Marlow, JJ.