■ JESUS MERCADO, Appellant, v NEW YORK UNIVERSITY et al., Respondents. [815 NYS2d 546]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered April 15, 2005, in an action by a worker for personal injuries sustained at a work site, insofar as it denied plaintiff's motion for summary judgment on the issue of defendants' liability under Labor Law § 240 (1), unanimously affirmed, without costs. Appeal from that part of said order which denied plaintiff's motion to reargue so much of defendants' prior motion for summary judgment as sought dismissal of plaintiff's cause of action under Labor Law § 241 (6), unanimously dismissed, without costs.

Plaintiff concedes that no appeal lies from an order denying reargument, but argues that an exception to that rule should be made in this case "so as not to defeat substantive fairness," citing *Garner v Latimer* (306 AD2d 209 [2003]). No such fairness exception exists. *Garner* and the cases cited therein involved motions to renew, not reargue, i.e., motions that in some way sought to present factual matter that was not before the court on the original motion. With respect to liability under section 240 (1), an issue of fact exists as to whether plaintiff's actions were the sole proximate cause of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]). Such issue is raised by evidence that, inter alia, in descending between floors of the building at the end of the day, plaintiff used the orange ladder that fell over as a shortcut out of the building rather than walking over to the side of the building where secured ladders intended and designated for purposes of

accessing different levels of the building had been set up, and that whoever set up the orange ladder would have had to have breached netting and cables that covered a large opening in the slab between the floors (*see Cordeiro v Shalco Invs.*, 297 AD2d 486, 488-489 [2002]). Concur—Andrias, J.P., Marlow, Sullivan, Gonzalez and Sweeny, JJ.