■ Louis DeRose, Respondent, v Manor Service Station, Inc., et al., Appellants. [822 NYS2d 705]—Appeal from order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered November 4, 2005, which denied defendants' motion to reargue a prior order, unanimously dismissed, without costs.

No appeal lies from denial of a motion to reargue (*see e.g. Mercado v New York Univ.*, 29 AD3d 496 [2006]). The record does not support defendants' claim that the court granted reargument but adhered to its prior determination. Concur—Saxe, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.

■ The People of the State of New York, Respondent, v William Barnett, Appellant. [823 NYS2d 116]—Judgment, Supreme Court, New York County (James A. Yates, J.), rendered on or about January 27, 2003, unanimously affirmed. No opinion. Order filed. Concur—Saxe, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.

■ The People of the State of New York, Respondent, v Timothy Boisseau, Appellant. [824 NYS2d 17]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered April 22, 2004, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 12 years, unanimously affirmed.

The verdict was based on legally sufficient evidence. The jury could have reasonably concluded that the statement "Don't stop me, just let me go," that defendant made as he was leaving the premises with the victim's property, coupled with the presence of a knife in defendant's hand, constituted the threatened use of a dangerous instrument (*see* Penal Law § 160.15 [3]; *People v Thompson*, 273 AD2d 153 [2000], *lv denied* 95 NY2d 908 [2000]). There was no innocent explanation for the fact that defendant was holding a knife, and no support for the theory that defendant was merely asking the victim to allow him to leave.

Defendant's remaining contentions require preservation (*see People v Agramonte*, 87 NY2d 765, 770 [1996]), and we decline to review these unpreserved claims in the interest of justice. Were we to review these claims, we would find no basis for reversal. Concur—Saxe, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.