■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN URENA, Appellant. [848 NYS2d 234]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGuire, J.), rendered May 19, 2005, convicting him of robbery in the first degree, menacing in the second degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of robbery in the first degree is unpreserved for appellate review, since he failed to address any specific legal errors as a basis for dismissal of that count in the trial court (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of the crime of robbery in the first degree beyond a reasonable doubt (*see* Penal Law §§ 160.00, 160.15 [3]; *People v Smith*, 79 NY2d 309, 312-314 [1992]; *People v Lawson*, 184 AD2d 588 [1992]). The evidence adduced at trial established that the defendant used a dangerous instrument to threaten the complainant with physical force for the purpose of "[p]reventing or overcoming resistance to the retention [of the property] immediately after the taking" (Penal Law § 160.00 [1]; *see* Penal

Law § 160.15 [3]). Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

To the extent that the defendant's claims of ineffective assistance of counsel, as set forth in point II of his supplemental pro se brief, are based upon matter dehors the record, they may not be reviewed on direct appeal (*see People v Sabatino*, 41 AD3d 871 [2007], *lv denied* 9 NY3d 964 [2007]). Insofar as we are able to review these claims, we find that defense counsel provided the defendant with meaningful representation (*see People v Turner*, 5 NY3d 476, 480 [2005]; *People v Henry*, 95 NY2d 563 [2000]). Rivera, J.P., Spolzino, Carni and McCarthy, JJ., concur.