■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON L. CARTER, Appellant. [848 NYS2d 805]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered December 22, 2004. The judgment convicted defendant, after a nonjury trial, of criminal trespass in the second degree (two counts) and petit larceny.

It is hereby ordered that said appeal from the judgment insofar as it imposed a sentence of imprisonment be and the same hereby is unanimously dismissed and the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of two counts of criminal trespass in the second degree (Penal Law § 140.15) and one count of petit larceny (§ 155.25). Defendant contends that the verdict is against the weight of the evidence because the People failed to establish that there were two separate acts of criminal trespass and that he committed petit larceny. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). With respect to the two counts of criminal trespass, the victim testified that she found defendant inside her apartment on one occasion and that he did not have permission to be there, and a second witness testified that, two days earlier, he had observed that same man inside the victim's apartment. With respect to the count of petit larceny, the second witness further testified that, when he had observed the man two days earlier, the man had been removing items from the victim's apartment. The fact that the second witness was unable to identify defendant as that man at trial is not dispositive (*see generally* CPL 60.25). "Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, the appellate court must give '[g]reat deference . . . [to the] fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (*People v Harris*, 15 AD3d 966, 967 [2005], *lv denied* 4 NY3d 831 [2005], quoting *Bleakley*, 69 NY2d at 495).

Although defendant further contends that County Court erred in imposing a consecutive sentence on one of the two counts of criminal trespass, he has fully served his sentence. Thus, his contention is moot, and that part of the appeal from the judgment is dismissed (*see People v Griffin*, 239 AD2d 936 [1997]). Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted following a jury trial, and it must therefore be amended to reflect that he was convicted following a nonjury trial (*see generally People v Saxton*, 32 AD3d 1286 [2006]). Present—Scudder, P.J., Hurlbutt, Fahey, Green and Pine, JJ.