■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCELLO MITCHELL, Appellant. [874 NYS2d 226]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered January 24, 2006, convicting him of robbery in the first degree (two counts), robbery in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of assault in the second degree and the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant allegedly committed two robberies in a single afternoon on October 29, 2002. At trial, the complainant Therese McCabe testified that the defendant had entered the office of an automotive repair shop in Queens where she worked as a secretary and bookkeeper. The defendant demanded money while using a one-inch straight edge razor to clean his fingernails. McCabe gave the defendant $40, and he fled. The complainant Patrick Wright testified that approximately two hours later the defendant entered a furniture store where Wright worked. The defendant lured Wright outside on the pretense of discussing a furniture purchase with his disabled

wife. Once outside, the defendant demanded money and threatened to " 'blow [Wright's] head off' " while "push[ing] his hand" in the pocket of his jacket.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant threatened the immediate use of a dangerous instrument while robbing McCabe (*see* Penal Law § 160.15 [3]; *People v Urena*, 46 AD3d 714 [2007]; *People v Boisseau*, 33 AD3d 568 [2006]; *People v Thompson*, 273 AD2d 153 [2000]; *People v Stevens*, 237 AD2d 207, 208 [1997]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on the first count of robbery in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The prosecution also presented legally sufficient evidence that the defendant displayed an object that appeared to be a firearm while robbing Wright (*see* Penal Law § 160.15 [4]; *People v Lopez*, 73 NY2d 214, 220 [1989]; *People v Barrett*, 247 AD2d 626, 626-627 [1998]; *People v Ruiz*, 216 AD2d 63, 63-64 [1995]; *People v Butts*, 181 AD2d 432, 433 [1992]) and, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the jury's verdict of guilt on the second count of robbery in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Moreover, the Supreme Court did not err in denying the defendant's request to charge robbery in the third degree (*see* Penal Law § 160.05) and petit larceny (*see* Penal Law § 155.25) as lesser-included offenses in connection with the robbery of Wright, since there was no reasonable view of the evidence by which the jury could have accepted part of Wright's testimony while rejecting the remainder of his testimony (*see* CPL 300.50 [1]; *People v Blim*, 63 NY2d 718, 720-721 [1984]; *People v Scarborough*, 49 NY2d 364, 373-374 [1980]; *People v Flood*, 159 AD2d 217 [1990]).

The prosecution presented legally sufficient evidence that Wright suffered physical injury, an element of the charged offenses of robbery in the second degree and assault in the second degree (*see* Penal Law § 160.10 [2]; § 120.05 [6]; *People v Chiddick*, 8 NY3d 445, 447 [2007]; *People v Henderson*, 92 NY2d

677, 680 [1999]; *People v Guidice,* 83 NY2d 630, 636 [1994]; *People v Ricco,* 11 AD3d 343, 344 [2004]; *People v Branch,* 306 AD2d 537, 538 [2003]). Further, the jury's verdict as to those counts was not contrary to the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]). However, as the defendant contends, and the People correctly concede, the defendant's conviction of assault in the second degree under Penal Law § 120.05 (6) must be vacated, and that count of the indictment dismissed, as the assault in the second degree count is an inclusory concurrent count of robbery in the second degree under Penal Law § 160.10 (2) (a) (*see* CPL 300.30 [4]; 300.40 [3] [b]; *People v Leal,* 38 AD3d 917, 918 [2007]; *People v Tucker,* 221 AD2d 670 [1995]).

The defendant's contention that the persistent violent felony offender sentencing scheme under Penal Law § 70.08 violates the principles enunciated in *Apprendi v New Jersey* (530 US 466 [2000]) is unpreserved for appellate review (*see People v Smith,* 238 AD2d 451, 452 [1997]) and, in any event, is without merit (*see People v Leon,* 10 NY3d 122, 126 [2008]; *People v Thomas,* 47 AD3d 850, 851 [2008]; *see also People v Rivera,* 5 NY3d 61, 63 [2005], *cert denied* 546 US 984 [2005]; *People v Rosen,* 96 NY2d 329, 335 [2001], *cert denied* 534 US 899 [2001]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Mastro, J.P., Florio, Balkin and Eng, JJ., concur.