■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROMEO RAMOS, Appellant. [904 NYS2d 81]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), rendered June 28, 2007, convicting him of robbery in the first degree (two counts), robbery in the second degree (five counts), assault in the second degree (four counts), grand larceny in the fourth degree (three counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Honorof, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record supports the hearing court's finding that the police had reasonable suspicion to stop and detain him based upon the general descriptions of the perpetrators broadcast to police units, one of which matched the defendant, his close proximity to the site of the crime, and the short passage of time between the crime and the observation of the defendant (*see People v James*, 72 AD3d 844 [2010]; *People v Tatum*, 39 AD3d 571, 571-572 [2007]; *People v Bennett*, 37 AD3d 483, 484 [2007]; *People v Gil*, 21 AD3d 1120, 1121 [2005]; *People v Green*, 10 AD3d 664 [2004]). Accordingly, that branch of the defendant's omnibus motion which was to suppress identification testimony was properly denied.

The defendant's claim that the evidence was legally insufficient to establish his intent to commit two counts of robbery in the first degree, five counts of robbery in the second degree, four counts of assault in the second degree, the two counts of grand larceny in the fourth degree charged in counts fourteen and fifteen of the indictment, and criminal possession of a weapon in the fourth degree, while acting in concert with others, is unpreserved for appellate review, as he failed to address any specific ground as a basis for dismissal in the Supreme Court (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Mathis*, 60 AD3d 697, 698 [2009]; *People v Middleton*, 52 AD3d 533 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes under an accomplice theory of liability beyond a reasonable doubt (*see* Penal Law § 20.00; *People v Mathis*, 60 AD3d at 698; *People v Urena*, 46 AD3d 714 [2007]; *People v Mendez*, 34 AD3d 697, 698-699 [2006]; *People v Mejia*, 297 AD2d 755, 756 [2002]; *People v Luke*, 279 AD2d 534, 535 [2001]).

The defendant's contention that the sentence imposed improperly penalized him for exercising his right to a trial is without merit. The record discloses no vindictiveness on the part of the trial court in arriving at the sentence (*see People v Norris*, 34 AD3d 501, 503 [2006]; *People v Best*, 295 AD2d 441, 441-442 [2003]; *People v Robinson*, 287 AD2d 582, 582-583 [2001]), and the fact that the sentence imposed after trial was greater than that offered during plea negotiations does not establish that the defendant was punished for exercising his right to proceed to trial (*see People v Rodriguez*, 73 AD3d 815 [2010]; *People v Norris*, 34 AD3d at 503; *People v Best*, 295 AD2d at 441-442). Moreover, the sentence imposed was not excessive (*see*

*People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Eng, Leventhal and Roman, JJ., concur.