THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SOARES, Appellant. [914 NYS2d 658]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered January 26, 2009, convicting him of robbery in the first degree, criminal possession of stolen property in the fifth degree, resisting arrest, and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial established that the defendant held a box cutter to the victim's neck with one hand while, with

his other hand and arm, he beat the victim, rifled through his pockets, and stole his property.

Viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), this evidence was legally sufficient to establish the defendant's guilt of robbery in the first degree based on the use or threat of immediate use of a dangerous instrument (*see* Penal Law § 160.15 [3]; *People v Mitchell*, 59 AD3d 739, 740 [2009]; *People v Prior*, 23 AD3d 1076 [2005]; *People v Nelson*, 10 AD3d 565 [2004]; *People v Elliot*, 298 AD2d 290 [2002]; *People v Danzler*, 288 AD2d 5 [2001]; *People v Thompson*, 273 AD2d 153 [2000]; *People v Anderson*, 204 AD2d 191, 192 [1994]). The evidence also was legally sufficient to establish his guilt of criminal possession of a weapon in the fourth degree (*see* Penal Law § 265.01 [2]; *Matter of Sean R.*, 33 AD3d 925, 925-926 [2006]). Under the circumstances, the box cutter was properly found to be a dangerous instrument (*see* Penal Law § 10.00 [13]; *People v Carter*, 53 NY2d 113, 116 [1981]; *People v Williams*, 118 AD2d 609, 610 [1986]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Rivera, J.P., Dickerson, Lott and Sgroi, JJ., concur.