■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR FLORES, Appellant. [931 NYS2d 342]—

Contrary to the defendant's contention, the police officers acted properly in stopping and detaining him. At about 2:30 A.M., uniformed Police Officers Brennan and Metten responded to a radio report of a robbery committed by three male Hispanics. The officers spoke with the complainant, who indicated the direction in which the perpetrators had fled. Officer Brennan immediately went in that direction and observed the defendant and the codefendant, both of whom were Hispanic males and were the only individuals on the street, walking in the indicated direction less than two blocks from the crime scene. Officer Brennan identified himself and asked them to stop, but the defendant and the codefendant changed directions and walked away at a quicker pace with their heads lowered and hands raised. By the time Officer Brennan stopped and detained them, Officer Metten arrived with the complainant, who identified the men as the perpetrators. Under the totality of the circumstances, the officers' actions were at all times proper (*see People v De Bour*, 40 NY2d 210, 223 [1976]; *People v Ramos*, 74 AD3d 991, 992 [2010]; *People v Mobley*, 58 AD3d 756 [2009]; *People v Armsworth*, 27 AD3d 571 [2006]). Accordingly, the Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

The defendant's challenge to the legal sufficiency of the evidence supporting his conviction is unpreserved for appellate review, as his general motion to dismiss at the close of the People's case failed to specify any grounds for dismissal (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Rivera*, 74 AD3d 993 [2010]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Soares*, 80 AD3d 631 [2011]; *People*

*v Ramos,* 74 AD3d at 992; *People v Mitchell,* 59 AD3d 739, 740 [2009]; *People v Urena,* 46 AD3d 714 [2007]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to each of the crimes of which the defendant was convicted was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations does not establish that he was punished for asserting his right to proceed to trial (*see People v Pena,* 50 NY2d 400, 411 [1980], *cert denied* 449 US 1087 [1981]; *People v Munlyn,* 67 AD3d 1028 [2009]; *People v Garcia,* 66 AD3d 699, 700 [2009]; *People v Chapero,* 23 AD3d 492, 493 [2005]). Moreover, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Angiolillo, J.P., Balkin, Hall and Cohen, JJ., concur.