— Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered May 26, 2011, convicting him of assault on a peace officer, police officer, fireman or an emergency medical services professional and theft of services, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s challenge to the legal sufficiency of the evidence supporting his conviction of assault on a peace officer, police officer, fireman or an emergency medical services professional is unpreserved for appellate review, as his general motion to dismiss the indictment, made at the close of his case, failed to specify any grounds for dismissal (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Flores, 88 AD3d 902, 903 [2011]; People v Rivera, 74 AD3d 993 [2010]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt with respect to that crime (see Penal Law §§ 120.08, 10.00 [10]; People v Hutchinson, 57 AD3d 565 [2008]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Under the circumstances of this case, including the serious *760 ness of the crime and the defendant’s three subsequent arrests, the denial of youthful offender treatment was a provident exercise of the Supreme Court’s discretion (see CPL 720.20 [1]). Mastro, J.P, Skelos, Balkin and Roman, JJ., concur.