SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**465**

**KA 10-02118**

PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ALVIN E. SIMMONS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Joan S. Kohout, A.J.), rendered September 3, 2010. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]), defendant contends that the evidence is legally insufficient to support the conviction because the People failed to establish that he "actually possessed a dangerous instrument at the time of the crime" (*People v Pena*, 50 NY2d 400, 407, *rearg denied* 51 NY2d 770, *cert denied* 449 US 1087). We reject that contention. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621), we conclude that the victim's testimony that defendant removed a knife from his pocket immediately before asking for money is legally sufficient to establish that defendant possessed a dangerous instrument (*see generally People v Mitchell*, 59 AD3d 739, 739-740, *lv denied* 12 NY3d 918; *People v Thompson*, 273 AD2d 153, 153, *lv denied* 95 NY2d 908). Contrary to defendant's contention, any inconsistency between the victim's trial testimony and the victim's testimony from prior proceedings was not so great as to render his trial testimony incredible as a matter of law (*see People v Baker*, 30 AD3d 1102, 1102, *lv denied* 7 NY3d 846).

Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence with respect to whether he used or threatened to use a dangerous instrument inasmuch as he did not move for a trial order of dismissal on that ground (*see People v Gray*, 86 NY2d 10, 19; *People v Holloway*, 97 AD3d 1099, 1099, *lv denied* 19 NY3d 1026). In any event, that contention lacks merit inasmuch as "[t]he

jury could have reasonably concluded that defendant . . . made an implied threat to use the [knife] against the [victim]" (*People v Espada*, 94 AD3d 451, 452, *lv denied* 19 NY3d 1025; *see Mitchell*, 59 AD3d at 739-740; *People v Boisseau*, 33 AD3d 568, 568, *lv denied* 8 NY3d 844).

Finally, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see People v Johnson*, 105 AD3d 1452, 1452-1453, *lv denied* 21 NY3d 1016; *see generally People v Bleakley*, 69 NY2d 490, 495). Although defendant testified that he did not possess a knife and that the victim voluntarily gave him the money, "[g]reat deference is to be accorded the [factfinder's] resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony" (*People v Curry*, 82 AD3d 1650, 1651, *lv denied* 17 NY3d 805 [internal quotation marks omitted]), and we see no basis to disturb the jury's credibility determinations.

Entered:  May 1, 2015                          Frances E. Cafarell
                                               Clerk of the Court