■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES R. MURRELL, Appellant. [49 NYS3d 763]—

Lynch, J. Appeal from a judgment of the County Court of

Chemung County (Rich Jr., J.), rendered August 1, 2014, convicting defendant following a nonjury trial of the crimes of petit larceny, assault in the third degree, unlawful imprisonment in the second degree and endangering the welfare of a child.

Defendant was charged in a five-count indictment with burglary in the first degree, petit larceny, assault in the third degree, unlawful imprisonment in the second degree and endangering the welfare of a child. The charges stemmed from allegations that defendant physically assaulted his former paramour (hereinafter victim 1), in the presence of the eight-year-old daughter (hereinafter victim 2) of victim 1's friend, stole money from victim 1 and unlawfully restrained both victims in a Jeep motor vehicle belonging to the friend. Following a bench trial, defendant was convicted on all charges, except the burglary charge. County Court sentenced him to one year in jail on the misdemeanor convictions, with the sentences on the assault and the unlawful imprisonment convictions to run consecutively.

We are unpersuaded by defendant's contention that the convictions of unlawful imprisonment in the second degree and endangering the welfare of a child are against the weight of the evidence. For a weight of evidence review, where "a different finding would not have been unreasonable . . . [we] must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [internal quotation marks omitted]; *see People v Lane*, 7 NY3d 888, 890 [2006]). For a conviction of unlawful imprisonment in the second degree, the People were required to prove that defendant restrained another person (*see* Penal Law § 135.05; *People v Ward*, 141 AD3d 853, 854 [2016]). The endangering the welfare of a child charge "required the People to prove that defendant knowingly act[ed] in a manner likely to be injurious to the physical, mental, or moral welfare of a child less than 17 years of age" (*People v Harris*, 50 AD3d 1387, 1389 [2008] [internal quotation marks omitted]; *see* Penal Law § 260.10 [1]).

The record reflects that during the evening of September 25, 2013, one day after defendant was released from custody, he entered victim 1's apartment, smashed her phone, rifled through her purse for cash and then assaulted her in the presence of victim 2, who was sitting within 10 feet of the altercation. He then demanded that both victims return to the Jeep, directing victim 1 to "drive him to the hills, that he was going

to show [her] how real it was going to get"—a statement she understandably interpreted as a threat. After driving a short distance, victim 1 abruptly stopped the Jeep and both victims exited the vehicle and sought refuge in a nearby bar. Defendant drove away with the vehicle. In her unsworn testimony, victim 2 confirmed that she observed defendant hit victim 1 in the apartment and that victim 1 was bleeding (*see* CPL 60.20 [2]). After meeting with victim 1 at the hospital, the responding police officer went to her apartment and observed droplets of blood, the contents of an empty purse on the couch and two broken phones—a scene consistent with victim 1's explanation of the incident. For his part, defendant acknowledged striking victim 1 while they were in the apartment, explaining that she hit him first and that he was defending himself. He also testified they would drive "to the hills" to calm down and acknowledged getting into a physical altercation with victim 1 inside of the Jeep.

Giving deference to County Court's assessment of witness credibility, and viewing the evidence in a neutral light, we find that the weight of the evidence amply supports both of the challenged convictions. Considering the assault and the ensuing threat, as well as victim 1's actions in escaping from the Jeep, the People established that defendant restricted victim 1's movement by intimidation and without consent (*see People v Ward*, 141 AD3d at 857-858; *People v Haardt*, 129 AD3d 1322, 1323-1324 [2015]). Victim 2 indicated that she was scared and started to cry after witnessing defendant assault victim 1 in the apartment. Notably, the endangering charge does not require the child to manifest symptoms of actual harm, and the sequence of events as described created a likelihood of harm to victim 2 of which defendant was clearly aware (*see* Penal Law § 260.10 [1]; *People v Johnson*, 95 NY2d 368, 371-373 [2000]).

We further reject defendant's argument that his trial counsel was ineffective, primarily for failing to mount a viable defense against the various misdemeanor charges. The defense unquestionably focused on the most serious charge of burglary, which carried a maximum prison sentence of 25 years (*see* Penal Law §§ 70.00 [2] [b]; 140.30 [2]). Through the testimony of defendant and numerous witnesses, defendant was able to convince County Court that he was authorized to enter into the apartment, and he was acquitted on the burglary charge. Given that convictions on the remaining misdemeanor charges were not unlikely in view of the evidence presented, defense counsel's apparent strategic decision to focus on the felony

charge was not ineffective (*see People v Ambers*, 26 NY3d 313, 319-320 [2015]). Nor do we overlook defendant's testimony that he acted in self-defense relative to the assault and the testimony of defense witness, Jamie Griffin, who testified that defendant and victim 1 entered and left the apartment building together, without incident. Defendant's counsel also made a cogent argument against consecutive sentencing on the misdemeanor convictions. While counsel's representation was by no means flawless, that is not the standard (*see People v Thiel*, 134 AD3d 1237, 1240 [2015], *lv denied* 27 NY3d 1156 [2016]). Rather, the constitutional standard is satisfied "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]). We conclude that this standard was satisfied here.

Finally, insofar as defendant takes issue with the consecutive sentencing, the People represent that he has been released from custody without conditions, rendering this challenge moot (*see People v Carter*, 46 AD3d 1335, 1336 [2007], *lv denied* 10 NY3d 932 [2008]).

McCarthy, J.P., Garry, Rose and Aarons, JJ., concur. Ordered that the judgment is affirmed.