People v Wright (2018 NY Slip Op 02500)





People v Wright


2018 NY Slip Op 02500


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

106665

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DARRYL WRIGHT, Appellant.

Calendar Date: February 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


John R. Trice, Elmira, for appellant, and appellant pro se.
Stephen K. Cornwell Jr., District Attorney, Binghamton (David M. Petrush of counsel), for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered January 10, 2014, upon a verdict convicting defendant of the crimes of assault in the second degree and criminal possession of a weapon in the fourth degree.
Defendant and the victim were involved in an altercation where the victim was slashed in the face with a box cutter. As a consequence of this incident, defendant was charged by indictment with two counts of assault in the first degree and one count of criminal possession of a weapon in the fourth degree. Following a jury trial, defendant was acquitted on both counts of assault in the first degree, but was convicted of the lesser included offense of assault in the second degree with respect to count 1 of the indictment. Defendant was also convicted of criminal
possession of a weapon in the fourth degree. County Court thereafter sentenced defendant, as a second violent felony offender, to an aggregate prison term of seven years, to be followed by five years of postrelease supervision. Defendant now appeals.
We reject defendant's assertion the verdict was against the weight of the evidence [FN1]. As [*2]relevant here, assault in the second degree requires that the People establish that defendant, with the intent to cause physical injury to another person, caused such injury to such person with a dangerous instrument (see Penal Law § 120.05 [2]). Criminal possession of a weapon in the fourth degree, as pertinent here, requires that the People prove that defendant possessed a razor or any other dangerous or deadly instrument or weapon with the intent to use it unlawfully against another person (see Penal Law § 265.01 [2]).
The victim testified at trial that defendant, who appeared intoxicated, approached him and accused him of stealing his wallet. The victim denied doing so and, when he started to walk away, defendant punched him in the jaw. The victim testified that he "hit [defendant] back and then [defendant] pulled out the box cutter." The victim told defendant to drop the knife and "fight like a real man." Defendant, however, swung at the victim with the box cutter. An eyewitness to the altercation testified that defendant told the victim, "I'm going to cut you." Defendant cut the victim's face and the victim was informed by his friends that he was bleeding. The victim retreated from the altercation, grabbed his face, saw blood and went to the hospital. The nurse who treated the victim testified that the victim's injury was consistent with a razor blade cut. A police officer who responded to the scene testified that a search of defendant's body revealed a box cutter in his right pocket with a reddish-brown stain.
Although an acquittal would not have been unreasonable, viewing the foregoing evidence in a neutral light, we are satisfied that the jury's verdict with respect to the assault in the second degree conviction was supported by the weight of the evidence (see People v Cruz, 152 AD3d 822, 823 [2017], lv denied 30 NY3d 1018 [2017]; People v Braithwaite, 126 AD3d 993, 994-995 [2015], lv denied 25 NY3d 1198 [2015]; People v Shannon, 273 AD2d 505, 506 [2000], lvs denied 95 NY2d 892, 893 [2000]). Nor do we find merit in defendant's assertion that the verdict convicting him of criminal possession of a weapon in the fourth degree was against the weight of the evidence (see People v Soriano, 121 AD3d 1419, 1421 [2014]; People v Taylor, 118 AD3d 1044, 1047 [2014], lv denied 23 NY3d 1043 [2014]; People v Soares, 80 AD3d 631, 632 [2011], lv denied 16 NY3d 863 [2011]). Even though defendant testified at trial and gave a different version of the incident with the victim, the jury was entitled to reject his account (see People v Pine, 126 AD3d 1112, 1115 [2015], lv denied 27 NY3d 1004 [2016]; People v Colburn, 123 AD3d 1292, 1294 [2014], lv denied 25 NY3d 950 [2015]). Furthermore, to the extent that defendant challenges the truthfulness of certain witnesses called by the People or points to inconsistencies in their testimony, we defer to the jury's resolution of credibility issues (see People v Anthony, 152 AD3d 1048, 1053 [2017], lvs denied 30 NY3d 978, 981 [2017]; People v Murrell, 148 AD3d 1296, 1298 [2017]; People v Morris, 140 AD3d 1472, 1475 [2016], lv denied 28 NY3d 1074 [2016]).
We reject defendant's claim that he received the ineffective assistance of counsel based on his counsel's failure to cross-examine the victim about statements that he made before the grand jury (see People v Wiltshire, 96 AD3d 1227, 1229 [2012], lv denied 22 NY3d 1204 [2014]; People v Cancer, 16 AD3d 835, 840 [2005], lv denied 5 NY3d 826 [2005]). The other instances of alleged ineffectiveness raised by defendant concern trial strategies, and defendant failed to show the absence of strategic or other legitimate explanations for such strategies (see People v Mesko, 150 AD3d 1412, 1414-1415 [2017], lv denied 29 NY3d 1131 [2017]; People v Umana, 143 AD3d 1174, 1175 [2016], lv denied 29 NY3d 1037 [2017]). Our review of the record discloses that defense counsel made pretrial motions, submitted proof on defendant's [*3]behalf and made cogent opening and closing statements. As such, we find no merit in defendant's assertion that he was deprived of meaningful representation (see People v Anthony, 152 AD3d at 1053-1054; People v Hook, 80 AD3d 881, 883-884 [2011], lv denied 17 NY3d 806 [2011]).
Finally, the sentence is not harsh or excessive. Even though County Court imposed the maximum possible sentence, taking into account defendant's criminal history and the violent nature of the acts at issue, we perceive no abuse of discretion or any extraordinary circumstances warranting the reduction of defendant's sentence (see People v Launder, 132 AD3d 1151, 1154-1155 [2015], lv denied 27 NY3d 1153 [2016]; People v Davis, 114 AD3d 1003, 1004 [2014], lv denied 23 NY3d 962 [2014])[FN2]. Defendant's remaining contentions, including those raised in his pro se supplemental briefs, have been considered and lack merit.
McCarthy, J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: To the extent that defendant argues that the verdict was not supported by legally sufficient evidence, defendant failed to preserve this argument for our review (see People v Wynn, 149 AD3d 1252, 1254 [2017], lv denied 29 NY3d 1136 [2017]; People v Ressy, 141 AD3d 839, 840 [2016], lvs denied 28 NY3d 1030 [2016]).

Footnote 2: Although the presentence investigation report contained a factual error, the record does not indicate that such error impacted the imposed sentence (see People v Swartz, 23 AD3d 917, 918 [2005], lv denied 6 NY3d 818 [2006]).