People v Correa (2019 NY Slip Op 07017)





People v Correa


2019 NY Slip Op 07017


Decided on October 1, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2019

Richter, J.P., Gische, Kapnick, Kern, Moulton, JJ.


9954 2139/16

[*1]The People of the State of New York, Respondent,
v
Joel Correa, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), and Milbank, Tweed, Hadley & McCloy LLP, New York (Maria Ortiz of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rebecca Hausner of counsel), for respondent.



Judgment, Supreme Court, New York County (Anthony J. Ferrara, J.), rendered December 8, 2016, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years, unanimously reversed, on the facts, and the indictment dismissed.
We find that the verdict was against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Two police officers testified that they observed defendant in a high drug trafficking area. They both saw defendant approach a man and talk to him. The man gave defendant money and there was an "exchange," but the officers did not see what was exchanged. Shortly thereafter, one of the officers witnessed a woman approach defendant. The officer saw the woman speak to defendant and then touch his hand, but the officer did not see any money or drugs exchanged. Defendant and the woman separated, and the officer approached the woman. The officer identified herself, said that she just saw what happened, and heard the woman chewing on something. She asked the woman to spit out the object, which turned out to be a small bag containing $10 worth of crack cocaine. The officer never saw the woman put the bag in her mouth or even bring her hand to her mouth. The police then arrested the woman and defendant. Defendant did not have any drugs on him, but had $10 in his sweatshirt pocket and other denominations of cash in his pants pocket.
In the exercise of our factual review power, we conclude that the People did not prove beyond any reasonable doubt that defendant sold cocaine to the woman, which was the only crime charged. The officer who witnessed the transaction acknowledged she did not observe an exchange of anything, including money, drugs or unidentified objects, between defendant and the woman. In addition, the People's theory that the woman put the bag in her mouth after purchasing it from defendant was contradicted by the officer's testimony that she never saw the [*2]woman put anything into her mouth, or even put her hand to her mouth. Furthermore, the People's theory that defendant sold two $10 bags, one to the man and the other to the woman, was inconsistent with the cash found on defendant.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 1, 2019
CLERK