People v Knowles (2019 NY Slip Op 08770)





People v Knowles


2019 NY Slip Op 08770


Decided on December 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


10296 4206/14

[*1] The People of the State of New York, Respondent,
v
Robert Knowles, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (Tomoeh Murakami Tse of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (R. Jeannie Campbell-Urban of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered October 28, 2015, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and unlawful possession of marijuana, and sentencing him, as a second felony offender, to a term of 2 to 4 years and a $50 fine, respectively, unanimously modified, on the facts, to the extent of vacating the conviction for criminal possession of a weapon in the third degree, and dismissing that count, and otherwise affirmed.
We find that defendant's conviction for criminal possession of a weapon in the third degree was against the weight of the evidence (see generally People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Correa, ___AD3d___, 2019 NY Slip Op 07017 [1st Dept 2019]). The focus at trial was whether a box cutter recovered from defendant in a search after his arrest for an open container violation (defendant was drinking a can of beer placed inside a brown paper bag) was a dangerous instrument, which defendant possessed with the intent to use unlawfully against another (see Penal Law § 265.01[2]).[FN1]
The sole witness at trial was the arresting officer, Officer Nicholas McKeever of the New York City Police Department's Transit Bureau. He testified that he was on duty in plain clothes on September 6, 2014 at about 1:00 a.m. on the east side of Sixth Avenue near the corner of Waverly Place when he saw defendant walking around with a can in a brown paper bag. The top of the can was labeled "24 ounce" and he believed, based on his experience enforcing the open container law, that the can was a Coors Light beer. The officer followed defendant across the street and saw defendant open the can and drink from it. He approached defendant and identified himself as a police officer. Defendant smiled and put the beer down on a ledge behind him. The officer examined the can and saw that it was, in fact, a Coors Light beer. He asked defendant for identification and when defendant could not provide it, he arrested defendant for an open container violation (NYC Administrative Code § 10-125[b]).
Officer McKeever searched defendant at the scene and found "one little bag" of marijuana in his shorts pocket. While he was conducting the search, the officer asked defendant if he had anything sharp on him. Asked by the prosecutor if defendant had provided him with anything, the officer replied no. Defendant was then transported to a nearby transit bureau office where he was again searched by Officer McKeever. At that time, the officer found a black bag containing five small bags of marijuana hanging out of defendant's underwear. While feeling [*2]around defendant's waist, the officer felt a metal object in defendant's shorts. Upon further search, the officer saw the butt end of a box cutter sticking out of the fly of defendant's underwear. The razor of the box cutter was in its sheath and not exposed. He later tested the box cutter to see if it was sharp, and he was able to cut paper with it. Officer McKeever never saw defendant holding the box cutter and did not see him argue with or threaten anyone.
"[A] weight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (People v Danielson, 9 NY3d
at 348).
"Necessarily, in conducting its weight of the evidence review, a court must consider the elements of the crime, for even if the prosecution's witnesses were credible their testimony must prove the elements of the crime beyond a reasonable doubt" (id. at 349). We conclude that the People did not prove beyond a reasonable doubt that defendant possessed a dangerous instrument with the intent [FN2] to use it unlawfully against another (see Penal Law §§ 265.01[2]; 265.02[1]).
As the jury was charged, a "dangerous instrument" is "any instrument, article or substance, . . . which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00[13]). An object "becomes a dangerous instrument when it is used in a manner which renders it readily capable of causing serious physical injury"(People v Carter, 53 NY2d 113, 116 [1981]).
Here, there was no proof that defendant used the box cutter, attempted to use it, or threatened to use it as required under the plain terms of the statute in order for it to be a dangerous instrument (cf. People v Soares, 80 AD3d 631-632 [2d Dept 2011], lv denied 16 NY3d 863 [2011] [box cutter properly found to be a dangerous instrument where evidence at trial established that "defendant held a box cutter to the victim's neck with one hand while, with his [*3]other hand and arm, he beat the victim, rifled through his pockets, and stole his property"]). Accordingly, the People failed to establish defendant's guilt on the weapon charge beyond a reasonable doubt.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 5, 2019
CLERK



Footnotes

Footnote 1:Defendant was indicted for criminal possession of a weapon in the third degree under Penal Law § 265.02 (1) as opposed to criminal possession of a weapon in the fourth degree under Penal Law § 265.01 (2) based on his previous conviction of a crime.

Footnote 2: Notably, the presumption of unlawful intent in Penal Law § 265.15(4) was not triggered here where defendant was charged with possession of a dangerous instrument, as opposed to a "dagger, dirk, stiletto, dangerous knife or any other weapon, instrument, appliance or substance designed, made or adapted for use primarily as a weapon" (cf. People v Campos, 93 AD3d 581 [1st Dept 2012], lv denied 19 NY3d 971 [2012]). Thus, the prosecution did not argue that the box cutter was a presumption-triggering weapon and the court did not charge the presumption. Even where the presumption did apply, a conviction of possession of a weapon in the third degree was held to be against the weight of the evidence where defendant "made no statement and exhibited no behavior from which it could be inferred that he possessed the [razor] with the intent to use it unlawfully against another" (People v Rodgers, 174 AD3d 924, 926 [2d Dept 2019]).