■ JUDITH C. BATTISTI, Respondent, v JAMES J. BATTISTI, JR., Appellant. [644 NYS2d 110] —Mercure, J. P.

The relevant history of this protracted and acrimonious divorce action may be garnered from our July 1991 memorandum on a prior appeal (175 AD2d 400, *lv dismissed* 78 NY2d 1123). Subsequent to that time and by order entered September 14, 1992, Supreme Court, *inter alia,* ordered plaintiff to pay defendant the $11,613.83 balance due in connection with her purchase of the former marital residence and the additional sum of $22,702.24, as provided in the parties' May 18, 1987 stipulation, each within 30 days of the date of the order. In the event plaintiff failed to make the ordered payments, defendant

was authorized to enter judgment "therefor, without costs". Upon plaintiff's failure to make the payments within the requisite 30-day period, on October 13, 1992 defendant entered money judgments against plaintiff in the respective amounts of $18,206.65 and $35,592.34, the same including interest from July 31, 1987. Upon plaintiff's motion and by order entered August 12, 1994, Supreme Court amended the judgments *nunc pro tunc* to $11,613.83 and $22,702.24, with interest from the date of their entry, October 13, 1992. Defendant appeals.

We reject the contention that Supreme Court improperly amended the money judgments entered by defendant and, accordingly, affirm. Fundamentally, Supreme Court has the discretion to cure mistakes, defects and irregularities that do not affect the substantial rights of parties (*see*, CPLR 5019 [a]; *Kiker v Nassau County*, 85 NY2d 879, 881). On this record, it does not appear that defendant's 1992 motion included a claim for interest, and there is no question that Supreme Court's order entered September 14, 1992 awarded none. Under the circumstances, we conclude that the County Clerk erroneously entered judgments for unauthorized interest, a ministerial error affecting no substantial right of the parties (*see*, *supra*, at 881). Having failed to appeal Supreme Court's order entered September 14, 1992, defendant's current contentions concerning his entitlement to interest are unpreserved. The parties' remaining contentions have been considered and are also unpreserved or found to be lacking in merit.

White, Casey and Spain, JJ., concur. Ordered that the orders are affirmed, without costs.