■ TUJUAN GARNER, Appellant, v JOHN LATIMER, Respondent. [761 NYS2d 657] —Order, Supreme Court, New York County (Milton Tingling, J.), entered on or about January 28, 2002, which denied plaintiff's motion to vacate an underlying order of the Supreme Court, New York County (Richard Lowe, III, J.), entered on or about October 25, 2000, which denied plaintiff's motion to restore the action to the pre-note of issue calendar, unanimously reversed, on the law, without costs, the motion granted, and the matter restored to the pre-note of issue calendar.

On July 22, 1997, plaintiff purportedly sustained serious personal injuries as a result of an automobile accident that occurred on 125th Street in New York, New York. Plaintiff commenced this action and at a preliminary conference held on June 11, 1999, plaintiff was directed to file a note of issue by November 12, 1999. The parties were deposed on November 21, 1999 and on January 4, 2000, the matter was dismissed due to plaintiff's failure to file a note of issue. Plaintiff subsequently moved, on or about June 21, 2000, to vacate the order of dismissal, which was denied, apparently without prejudice, by decision dated October 25, 2000, on the ground that plaintiff failed to annex a doctor's affidavit sufficient to establish serious injury as set forth in Insurance Law § 5102 (d). Plaintiff then moved to vacate that order on the grounds that the note of issue could not have been filed by the date set by the court because discovery had not yet been completed and that plaintiff, through a doctor's affidavit, has now established that he suffered a serious injury. The motion court denied the motion on the basis of delay, and we now reverse.

Initially, we find that plaintiff's motion, denominated as one to vacate, was, in effect, one to renew. A motion for leave to renew is intended to direct the court's attention to new or additional facts which, although in existence at the time the original motion was made, were unknown to the movant and were, therefore, not brought to the court's attention (*Pahl Equip. Corp. v Kassis*, 182 AD2d 22 [1992], *lv dismissed in part and denied in part* 80 NY2d 1005 [1992]; *Foley v Roche*, 68 AD2d 558 [1979]). This requirement, however, is not inflexible and the court, in its discretion, may also grant renewal, in the interest of justice, upon facts known to the movant at the time the original motion was made (*Liberty Mut. Ins. Co. v Allstate Ins. Co.*, 237 AD2d 260 [1997]; *Vayser v Waldbaum, Inc.*, 225

AD2d 760 [1996]). Indeed, this Court has held that even if the vigorous requirements for renewal are not met, such relief may still be properly granted so as not to " 'defeat substantive fairness' " (*Metcalfe v City of New York*, 223 AD2d 410, 411 [1996], quoting *Lambert v Williams*, 218 AD2d 618, 621 [1995]).

Here, plaintiff's failure to submit a physician's affidavit was inadvertent and, coupled with the fact that defendant has failed to establish any prejudice as a result of the delay, we find that renewal should have been granted (*see Ramos v Dekhtyar*, 301 AD2d 428 [2003]). Moreover, upon renewal, plaintiff's motion to restore the action to the pre-note of issue calendar should also have been granted.

Plaintiff, in the course of his attempts to have this matter restored, was penalized for his failure to submit an affidavit of merit and for his delay in making the motion to restore, both of which are requirements for the restoration of an action which has been dismissed pursuant to CPLR 3404. CPLR 3404, however, is inapplicable to this pre-note of issue case (*see Lourim v Keystone Shipping Co.*, 302 AD2d 313 [2003]; *Johnson v Minskoff & Sons*, 287 AD2d 233 [2001]).

Indeed, the dismissal of an action for a party's delay or failure to file a note of issue is governed by CPLR 3216 (*Chase v Scavuzzo*, 87 NY2d 228, 233 [1995]). CPLR 3216 (b) (3) prohibits the dismissal of an action on the ground of general delay or for failure to serve and file a note of issue where the plaintiff has not been served with a 90-day demand to serve and file a note of issue (*Johnson v Minskoff & Sons, supra* at 237; *Greene v New England Mut. Life Ins. Co.*, 257 AD2d 521 [1999]). Since no such demand was served in this case, the matter was improperly dismissed. Concur—Nardelli, J.P., Sullivan, Rosenberger, Wallach* and Gonzalez, JJ.