(May 14, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHELLE MOGAL, on Behalf of EMMANUEL CHAMBERS, Petitioner, v FRANK SQUILLANTI et al., Respondents. [776 NYS2d 504]—Habeas corpus proceeding, in effect, in the nature of an application for the immediate release of Emmanuel Chambers on the ground that the sentence he is currently serving pursuant to a judgment of conviction of the Supreme Court, Queens County (Erlbaum, J.), rendered February 24, 2003, is illegal.

Adjudged that the petition is granted, without costs or disbursements; and it is further,

Ordered that the respondent Frank Squillanti, the warden of Rikers Island, Eric M. Taylor Center, is directed to immediately release the petitioner upon service upon him, or his representative, of a copy of this decision, order, and judgment.

By notice dated April 1, 2004, the petitioner moved pursuant to CPL 440.20 to set aside the sentence imposed pursuant to the judgment of conviction rendered February 24, 2003, on the ground that it was illegal. Specifically, the petitioner argued that the aggregate terms of the consecutive definite sentences imposed, which exceeded one year, violated Penal Law § 70.25

(3) because the offenses of which he was convicted "were committed as parts of a single incident or transaction." Despite a concession by the District Attorney, both on the record on April 30, 2004, and in writing on May 5, 2004, the court indicated that it would reserve decision until May 27, 2004, a date after the likely date that the petitioner would be released under the terms of the concededly illegal sentence. The petitioner subsequently commenced the instant habeas corpus proceeding in this Court.

As correctly conceded by the respondent District Attorney, Queens County, the petitioner is entitled to the relief sought (*see* Penal Law § 70.25 [3]). Thus, we order his immediate release from custody. S. Miller, J.P., Adams, Cozier and Rivera, JJ., concur.