(January 11, 2007)

■ THE RANCHO SANTA FE ASSOCIATION, Appellant, v PATRICIA DOLAN-KING, Respondent. In the Matter of THE RANCHO SANTA FE ASSOCIATION, Appellant, v PATRICIA DOLAN-KING, Respondent, et al., Respondents. [829 NYS2d 39]—

Order, Supreme Court, Bronx County (Lucy Billings, J.),

entered February 9, 2006, which, inter alia, denied plaintiff's motion for renewal, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs and, upon renewal, the judgment entered March 28, 2005 vacated, the petition reinstated, and the filing of the California judgment deemed valid, nunc pro tunc, as of September 13, 2004. Appeal from the order and judgment (one paper), same court and Justice, entered March 28, 2005, which denied petitioner creditor's application, pursuant to CPLR 5206 (e), for a sheriff's sale of respondent debtor's Bronx County homesteads, and found petitioner's filing of a California judgment against respondent to be a nullity, unanimously dismissed, without costs, as academic in light of the appeal from the subsequent order. The matter is remanded to Supreme Court for further proceedings in accordance herewith.

While it is true that a motion for leave to renew is intended to direct the court's attention to new or additional facts which, although in existence at the time the original motion was made, were unknown to the movant and were, therefore, not brought to the court's attention (*Garner v Latimer*, 306 AD2d 209, 209 [2003]; *Foley v Roche*, 68 AD2d 558, 568 [1979]), the rule is not inflexible and the court, in its discretion, may grant renewal, in the interest of justice, upon facts known to the movant at the time of the original motion (*Wilder v May Dept. Stores Co.*, 23 AD3d 646, 648 [2005]; *Garner v Latimer*, 306 AD2d at 209 [2003]). Indeed, this Court has held that even if the rigorous requirements for renewal are not satisfied, such relief may still be granted so as not to defeat substantive fairness (*Garner v Latimer*, 306 AD2d at 210; *Tishman Constr. Corp. of N.Y. v City of New York*, 280 AD2d 374, 377 [2001]). Initially, we find that the motion court improperly inquired into the merits of the California judgment when it ruled on petitioner's motion for renewal. "New York courts are required to enforce judgments rendered in other states under article IV of the United States Constitution. The constitutional requirement of full faith and credit precludes any inquiry into the merits of the judgment, the logic or consistency of the decision underlying it or the validity of the legal principles on which it is based. While the merits of a judgment of a sister state may not be collaterally attacked, a judgment debtor may challenge the judgment on the basis of lack of personal jurisdiction" (*Cadle Co. v Tri-Angle Assoc.*, 18 AD3d 100, 103 [2005] [citations omitted]; *see also Mortgage Money Unlimited v Schaffer*, 1 AD3d 773, 774 [2003]).

Here, no issue regarding personal jurisdiction was raised by respondent, and the motion court should not have delved into

the issue of whether the notation by the California court clerk was properly added to the July 30, 2002 judgment previously signed by the trial judge, in light of the fact that the judgment was properly authenticated. In any event, the parties had agreed it was customary in California to add subsequently determined amounts of attorneys' fees and costs in such matters, and there was no basis for a New York court to opine on the propriety of such practice by suggesting that the discrepancy could have been fraudulent, or that it evinced a lack of authority, or of due process.

We further find, in the interests of justice and substantive fairness, that the motion court should have exercised its discretion, granted petitioner's motion for renewal and, upon renewal, deemed the California judgment valid. It is settled that Supreme Court has the discretion to cure mistakes, defects and irregularities in judgments that do not affect substantial rights of the parties (CPLR 5019 [a]; *Baiz v Baiz*, 10 AD3d 375, 376 [2004]; *Battisti v Battisti*, 228 AD2d 803, 804 [1996], *lv dismissed* 89 NY2d 916 [1996]).

In the matter at bar, it is clear that the California judgment is valid, and that respondent was aware of its validity, despite her attempts to obfuscate the issues by calling into question the propriety of the entry of costs and attorneys' fees by the Superior Court clerk in California. Moreover, respondent suffered no prejudice as the result of certain irregularities contained in petitioner's creditor affidavit, which accompanied the California judgment at the time it was filed (CPLR 5402), such as the statement that "no appeal had been filed" in California, whereas in reality no appeal was pending; and the misstatement of the date of filing of the California judgment due to confusion which apparently arose out of the entry of the costs by the clerk. The fact that the affidavit stated the judgment was unsatisfied in whole, whereas a payment of approximately 7% had been posted on the San Diego sheriff's account a few days earlier, but was unknown to petitioner at the time, is insufficient to render the filing of the judgment invalid (*see generally Sparaco v Sparaco*, 309 AD2d 1029 [2003], *lv denied* 2 NY3d 702 [2004]). Concur—Tom, J.P., Andrias, Saxe, Marlow and Nardelli, JJ. [*See* 12 Misc 3d 1178(A), 2006 NY Slip Op 51304(U) (2006).]