■ LISA MARIE CASO, Respondent, v MANMALL, INC., et al., Appellants, and CUSHMAN & WAKEFIELD, INC., et al., Respondents. [894 NYS2d 374]—

Plaintiff's attorney, who had appeared at all prior conferences, including the April 20, 2007 compliance conference at which the May 25, 2007 date for a further compliance conference was set, provided a reasonable excuse for his failure to appear at the May 25 conference, namely, that the May 25 date was not set forth in the April 20 conference order, and that he either did not hear the May 25 date orally announced at the April 20 conference, or, if he heard it, he forgot it because he neglected to write it down (see Mediavilla v Gurman, 272 AD2d 146 [2000]). The delay caused by plaintiff's failure to appear on two occasions for court-ordered depositions was neither protracted nor prejudicial, and defendants' claims of longstanding, protracted, deliberate, willful and contumacious disregard of disclosure orders are not otherwise borne out by the record.

Plaintiff's affidavit in support of the motion made a sufficient showing of merit by providing details concerning the date, time, and location of the accident and the manner in which it occurred, and asserting that it had been continuously raining on the day of the accident, that the floor outside of defendants' premises leading up to the escalator was wet from the rain, and that no measures were taken to absorb the rainwater or to prevent it from being tracked into the vestibule and then onto the escalator steps. We reject defendants' argument that plaintiff's affidavit should be discounted as an attempt to create a new theory of liability not found in the pleadings. Throughout her complaint, amended complaint, and bill of particulars plaintiff consistently alleged that defendants were negligent not only in their maintenance and operation of the escalator itself but also in their maintenance of the entranceways and floor leading up to the escalator steps. We also reject defendants' argument that a prior order by another justice precludes plaintiff's claims. The prior order, which granted a motion for summary judgment dismissing a third-party complaint against the Metropolitan Transportation Authority (MTA), determined that the escalator was not the property of the MTA but rather the Transit Authority. While such determination likely precludes plaintiff from proving that defendants were responsible for the operation and maintenance of the escalator, it does not preclude her from proving that defendants were responsible for the maintenance of the floor leading up to the escalator. That issue has

not been litigated, and, at least in the present context, it appears that it should be (*see Levy v New York City Hous. Auth.*, 287 AD2d 281 [2001] [showing of merit necessary on motion to vacate a 22 NYCRR 202.27 default something less than what is necessary in opposition to a motion for summary judgment]). Concur—Tom, J.P., Nardelli, Renwick, Freedman and Roman, JJ.