■ NANCY CRUZ, Respondent, v BRONX LEBANON HOSPITAL CENTER, Appellant. [905 NYS2d 135]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered October 13, 2009, which, inter alia, upon reargument and renewal, restored the case to the active calendar, unanimously affirmed, without costs.

Plaintiff commenced this action for personal injuries she allegedly sustained when she fell on defendant's premises. The complaint was subsequently dismissed pursuant to 22 NYCRR 202.27 (b) based on substitute counsel's failure to appear at a pre-note status conference. Since no note of issue was filed in this case, plaintiff was only required to state a reasonable excuse for her failure to appear and to establish that her action has merit (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; CPLR 5015 [a]).

Here, plaintiff demonstrated that her failure to appear at the scheduled conference was neither willful nor part of a pattern of dilatory behavior, but the result of inadvertent law office failure (*see Caso v Manmall, Inc.*, 68 AD3d 470 [2009]; *Travelers Ins. Co. v Abelow*, 14 AD3d 395 [2005]; *Harwood v Chaliha*, 291 AD2d 234 [2002]; CPLR 2005). Furthermore, plaintiff's affidavit was sufficient to establish a meritorious claim for purposes of her motion to restore. While the affidavit of merit may have been factually scant, this may be attributed to the small amount of discovery completed in this case (*see Feders v Lamprecht*, 43 AD3d 276 [2007]).

Contrary to defendant's contention, the motion court correctly styled plaintiff's motion as one to renew (*see Garner v Latimer*, 306 AD2d 209 [2003]; *Telep v Republic El. Corp.*, 267 AD2d 57, 58 [1999]), which may be granted in the court's discretion, in the interest of justice, even on facts that were known to the movant at the time of the original motion (*see Rancho Santa Fe Assn. v Dolan-King*, 36 AD3d 460, 461 [2007]). Indeed, "even if the vigorous requirements for renewal are not met, such relief may still be properly granted so as not to defeat substantial fairness" (*Garner*, 306 AD2d at 210 [internal quotation marks and citations omitted]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Saxe, J.P., Catterson, Renwick, Richter and Abdus-Salaam, JJ.