■ QBE INSURANCE CORPORATION et al., Respondents, v HUDSON SPECIALTY INSURANCE COMPANY et al., Appellants. [920 NYS2d 27]—

Bali leased premises to defendant McDonald's Corporation

under a lease that included as part of the leased premises the "rear parking lot." The lease further provided, in pertinent part, that McDonald's "shall maintain and keep in force . . . general public liability insurance against claims for personal injury . . . occurring in, on or about the Premises or sidewalks or premises adjacent to the Premises." Under the heading "Sidewalks," the lease provided that "[Bali] shall maintain the sidewalks. [McDonald's] shall keep the sidewalk in front of the Premises free and clear of snow and ice at all times." Samaha, McDonald's franchisee, purchased an insurance policy from Hudson, naming Bali as an additional insured, "but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to" McDonald's.

Thereafter, a personal injury action was commenced against Bali and others for injuries allegedly sustained when the underlying plaintiff slipped on a patch of ice on a sidewalk "12 feet east of the easternmost post of the rear lot" of the premises leased to McDonald's. Bali and its insurer, QBE Insurance Corporation, commenced this action seeking a declaration that, among other things, Hudson is obligated to defend and indemnify them in the underlying action.

Although plaintiffs failed to present a reasonable excuse for their delay in obtaining the evidence they presented upon renewal, the IAS court providently exercised its discretion in granting the motion to renew in the interest of justice (*see Garner v Latimer*, 306 AD2d 209, 209-210 [2003]). The initial order granting Hudson's motion for summary judgment depended on the motion court's erroneous belief that the premises leased to McDonald's did not include the rear parking lot.

Upon renewal, the court properly determined that Hudson failed to meet its initial burden of establishing that it has no duty to defend and indemnify Bali in the underlying action. Issues of fact exist as to whether liability in the underlying action is based on the ownership, maintenance or use of that part of the premises leased to McDonald's and whether McDonald's was responsible for keeping the site of the accident free of snow and ice. Concur—Gonzalez, P.J., Catterson, Richter, Abdus-Salaam and Román, JJ.