■ AMIR TOOS, Appellant, v LEGGIADRO INTERNATIONAL, INC., et al., Respondents. [980 NYS2d 448]—

Order, Supreme Court, New York County (Louis B. York, J.),

entered November 30, 2012, which denied plaintiff's motion to renew his motion to vacate an order granting defendants' motion to dismiss upon default, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion to vacate granted, and the matter remanded for oral argument of the motion to dismiss.

Defendants' motion to dismiss plaintiff's complaint alleging discrimination in employment was granted upon default, after plaintiff's counsel failed to appear at oral argument. Defendants did not oppose plaintiff's motion seeking to restore the matter for oral argument, which was made within a week after the default order was issued, on the ground that plaintiff's counsel had not received notice of the scheduling of oral argument. The motion was denied on the procedural ground that it was incorrectly denominated as a motion to reargue, rather than a motion to vacate pursuant to CPLR 5015 (a).

The parties' attorneys then entered into a written stipulation agreeing to vacate the default and restore the matter for oral argument, which was filed with the clerk of the court. After being informed by a court employee that the stipulation alone would not result in the matter being restored, plaintiff moved to vacate the default.

Plaintiff's counsel set forth the excuse for his default in appearing at oral argument and plaintiff provided an affidavit of merits, incorporating by reference the detailed allegations of the complaint. Defendants, while acknowledging that they had entered into a stipulation agreeing to vacate the default order, opposed the motion on the ground that the affidavit of merits was inadequate and that they were prejudiced due to the passage of time. The motion court denied the motion on the ground that, although plaintiff had provided an adequate excuse for the default, his affidavit of merits was insufficient.

Plaintiff then moved to renew, contending that the parties' stipulation alone was sufficient to vacate the default under CPLR 5015 (b), and, alternatively, seeking leave to renew the motion to vacate on grounds of reasonable excuse (CPLR 5015 [a] [1]) based on an affidavit of merits setting forth the detailed allegations of the complaint verbatim. The court denied the motion to renew, finding that plaintiff's counsel had failed to provide a reasonable explanation for the failure to provide an adequate affidavit of merits on the original motion, and had been less than diligent in seeking to have the default vacated and bringing the stipulation to the court's attention.

Contrary to the parties' apparent understanding, the procedure provided in CPLR 5015 (b) for vacating defaults by stipu-

lation filed with the clerk is inapplicable here, because it is limited, by its express terms, to default judgments entered pursuant to CPLR 3215, that is, following a defendant's default in answering the complaint (*see* David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5015:12). Nevertheless, the written stipulation entered into by the parties' attorneys is "binding" on the parties (CPLR 2104), and such stipulations concerning the conduct of the litigation are generally enforced by the courts (*Mitchell v New York Hosp.*, 61 NY2d 208, 214 [1984]). A party will only be relieved from the consequences of a stipulation made during litigation when there is sufficient cause to invalidate a contract, such as fraud, collusion, or mistake (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]), which has not been shown here.

Accordingly, the court improvidently exercised its discretion in denying plaintiff's renewed motion to vacate the default pursuant to CPLR 5015 (a), based on the parties' stipulation and plaintiff's showing of a reasonable excuse and a potentially meritorious cause of action. The undisputed assertion of plaintiff's counsel that he did not receive notice of the scheduling of oral argument provided a reasonable excuse for the default in appearing at oral argument of the fully briefed motion to dismiss the complaint (*see Tribeca Tech. Solutions, Inc. v Goldberg*, 110 AD3d 536 [1st Dept 2013]; *Rugieri v Bannister*, 22 AD3d 299 [1st Dept 2005], *affd in relevant part* 7 NY3d 742 [2006]). Assuming arguendo that plaintiff's initial affidavit of merits was inadequate in the procedural context of this case, the court improvidently exercised its discretion in denying plaintiff's motion to renew in order to present an affidavit correcting any procedural error (*see Cruz v Bronx Lebanon Hosp. Ctr.*, 73 AD3d 597 [1st Dept 2010]; *Rancho Santa Fe Assn. v Dolan-King*, 36 AD3d 460 [1st Dept 2007]; *Shaw v Looking Glass Assoc., LP*, 8 AD3d 100 [1st Dept 2004]; *Garner v Latimer*, 306 AD2d 209 [1st Dept 2003]).

The court's finding that plaintiff's counsel was dilatory in prosecuting the action and seeking to enforce the stipulation is belied by the record, showing no undue delay in seeking to vacate the inadvertent default (*see Tribeca Tech.*, 110 AD3d at 537). Vacating the default and restoring the motion for oral argument are consistent with "the strong public policy of this State to dispose of cases on their merits" (*Berardo v Guillet*, 86 AD3d 459, 459 [1st Dept 2011]). Concur—Gonzalez, P.J., Tom, Saxe, Freedman and Manzanet-Daniels, JJ.