■ DELORES PERSON, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [13 NYS3d 19]—

Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered August 19, 2014, which, inter alia, granted plaintiff's motion to renew and reargue and, upon renewal and reargument, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The court exercised its discretion in a provident manner in granting renewal. Although the motion was based on information that was available to plaintiff earlier, "courts have discretion to consider such evidence in the interest of justice" (*Laourdakis v Torres*, 98 AD3d 892, 893 [1st Dept 2012]; *see Cruz v Bronx Lebanon Hosp. Ctr.*, 73 AD3d 597 [1st Dept 2010]; *Segall v Heyer*, 161 AD2d 471, 473 [1st Dept 1990]).

Defendant moved for summary judgment on the ground that plaintiff's notice of claim was not served within the 90-day period set forth in General Municipal Law § 50-e, and plaintiff had not timely moved for an extension of time to serve. Plaintiff contended that she qualified under either or both prongs of the "savings provision" under General Municipal Law § 50-e (3) (c), which provides that "[i]f the notice is served within the period specified by this section, but in a manner not in compliance with the provisions of this subdivision, the service shall be valid if the public corporation against which the claim is made demands that the claimant . . . be examined in regard to it, or if the notice is actually received by a proper person within the time specified by this section, and the public corporation fail[s] to return the notice, specifying the defect in the manner of service, within thirty days after the notice is received."

Moreover, "[t]he purpose of a Notice of Claim is to allow the municipal defendant to make a prompt investigation of the facts and preserve the relevant evidence. The applicable statute should be applied flexibly so as to balance two countervailing interests: on the one hand, protecting municipal defendants from stale or frivolous claims, and on the other hand, ensuring that a meritorious case is not dismissed for a ministerial error. General Municipal Law § 50-e was not meant as a sword to cut down honest claims, but merely as a shield to protect municipalities against spurious ones" (*Lomax v New York City Health & Hosps. Corp.*, 262 AD2d 2, 4 [1999] [internal quotation marks and citations omitted]).

Here, the record shows that plaintiff served a notice of claim on defendant on December 8, 2011 via regular mail, which did not comply with the requirement that service be completed in person or via registered or certified mail. However, defendant subsequently demanded that plaintiff appear for examinations pursuant to General Municipal Law § 50-h with regard to her claim. Under such circumstances, plaintiff's service of the notice of claim is valid under the first prong of General Municipal Law § 50-e (3) (c). Concur—Mazzarelli, J.P., Sweeny, Acosta, Clark and Kapnick, JJ.