■ COMMISSIONERS OF THE STATE INSURANCE FUND, Respondent, v NY MINUTE MANAGEMENT CORP. et al., Appellants. [38 NYS3d 177]—

Order, Supreme Court, New York County (Joan Madden, J.), entered April 27, 2015, which, to the extent appealed from, granted plaintiff Commissioners of the State Insurance Fund's

(SIF) motion to renew, and upon renewal, vacated its prior order granting summary judgment dismissing the complaint in its entirety, granted summary judgment dismissing the complaint solely with respect to premium claims for defendants' drivers, and restored the remaining claims for premiums due for defendants' non-drivers to the mediation calendar, unanimously affirmed, without costs.

In this action for nonpayment of workers' compensation premiums, even if SIF was not reasonably justified in submitting revised audit reports with its motion to renew, which it claims could only be generated after the court's finding on the initial motion for summary judgment that the drivers used by defendants were independent contractors, and thus not subject to defendants' workers' compensation policy with SIF, it was an appropriate exercise of the motion court's discretion to grant the motion to renew in the interest of justice (*see QBE Ins. Corp. v Hudson Specialty Ins. Co.*, 82 AD3d 595, 596 [1st Dept 2011]). Indeed, there is no dispute that defendants must pay premiums for their employees; the only dispute is the amount, which the motion court referred to mediation.

On this record, defendants' argument that SIF impermissibly asserted "new legal theories" on a motion for leave to renew is unavailing. Concur—Tom, J.P., Sweeny, Andrias, Webber and Gesmer, JJ.