Matter of Frazier v New York City Hous. Auth. (2018 NY Slip Op 03470)





Matter of Frazier v New York City Hous. Auth.


2018 NY Slip Op 03470


Decided on May 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2018

Renwick, J.P., Gische, Tom, Oing, Singh, JJ.


5174 100580/15

[*1]In re Celeste Frazier, Petitioner-Appellant,
v
The New York City Housing Authority, Respondent-Respondent.


Mobilization for Justice, Inc., New York (Rochelle R. Watson of counsel), for appellant.
David I. Farber, New York (Andrew M. Lupin of counsel), for respondent.



Order, Supreme Court, New York County (Alexander W. Hunter, Jr., J.), entered April 15, 2016, which denied petitioner's motion for leave to renew the judgment, same court and Justice, entered September 11, 2015, denying the petition and dismissing the proceeding brought pursuant to CPLR article 78, challenging respondent New York City Housing Authority's (NYCHA) determination, dated February 11, 2015, which denied petitioner's application to vacate her default, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted, the judgment entered September 11, 2015 vacated, and the matter remanded to NYCHA for a hearing in accordance herewith.
On the document entitled "Request to the Hearing Officer for a New Hearing" that petitioner submitted to vacate her default, petitioner stated that she had an emergency at her son's school. The record in the renewal motion indicated that petitioner, a victim of domestic violence and the single mother of a young child, failed to appear for a first-time hearing for chronic nonpayment of rent before respondent NYCHA because she had a court-mandated family conference at her son's school, scheduled for the same day and time as the hearing. Her failure to appear would place in jeopardy her custody of her son. Under these circumstances, petitioner adequately demonstrated a reasonable excuse for the default and the motion court should have granted petitioner's motion for leave to renew in the interest of justice so as not to "defeat substantial fairness" (Rancho Santa Fe Assn. V. Dolan-King, 36 AD3d 460, 461 [1st Dept 2007]).
Moreover, petitioner set forth a meritorious defense to the charges against her. Petitioner had applied for a one-shot deal and was awaiting a decision at the time she made her application to vacate the default. The hearing officer's conjecture that the one-shot deal would be denied proved to be an inaccurate prediction, as NYCHA was paid the money representing the rent arrears on February 13, 2015. Based on this payment, the Housing Court case brought by NYCHA was discontinued by stipulation of settlement dated February 18, 2015 acknowledging that all rent was paid through January 31, 2015. Subsequent to the administrative hearing, an operating procedure known as a Memorandum of Understanding (MOU) was entered into between NYCHA and the New York City Human Resources Administration. The purpose and intent of the policy outlined in the MOU is to work with tenants such as petitioner to obtain payment of rent arrears, to assure future rent payments and to prevent evictions.
Accordingly, the motion court should have exercised its discretion to grant renewal, and upon renewal, vacate the judgment and remand the matter to NYCHA for a hearing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 15, 2018
CLERK