Hendrickson v New York City Hous. Auth. (2019 NY Slip Op 03454)





Hendrickson v New York City Hous. Auth.


2019 NY Slip Op 03454


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Acosta, P.J., Friedman, Manzanet-Daniels, Gesmer, Singh, JJ.


9216N 9215

[*1] Camille Hendrickson, Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent.


Burns & Harris, New York (Jason S. Steinberg of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.



Orders, Supreme Court, Bronx County (Laura G. Douglas, J.), entered January 9, 2018, and November 8, 2018, which, to the extent appealed from as limited by the briefs, granted defendant's motion for discovery-related penalties or sanctions to the extent of precluding plaintiff from offering evidence of head injury at trial, and denied plaintiff's motion for leave to renew, unanimously affirmed, without costs.
The motion court providently exercised its discretion in precluding plaintiff from presenting evidence of head injury at the trial of this action. In a June 15, 2017 stipulation, plaintiff represented that her claim for exacerbation and/or aggravation of preexisting injuries was confined to her asymptomatic back and neck injuries. In addition, plaintiff admitted that, despite court orders and so-ordered stipulations, she failed to timely provide defendant with authorizations to obtain medical records pertaining to a preexisting head injury. Plaintiff contends that her failures to provide the medical authorization and the stipulation limiting her claim were inadvertent errors; she stated that the medical authorization was inadvertently placed in the file and that the stipulation was signed by an attorney who was not assigned to the case. However, the extent of these errors and the time that elapsed before they were corrected fully justify the remedy imposed by the court (see Williams v Shiva Ambulette Serv. Inc., 102 AD3d 598, 599 [1st Dept 2013]).
Plaintiff admitted that she failed to present new facts in support of her motion to renew (see CPLR 2221[e][2]). She also failed to demonstrate that the denial of her motion resulted in the defeat of substantial fairness (see Rancho Santa Fe Assn. v Dolan-King, 36 AD3d 460, 461 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK