Feliciano v Los Chavales #2 Mini Mkt. Corp. (2022 NY Slip Op 05658)

Feliciano v Los Chavales #2 Mini Mkt. Corp.

2022 NY Slip Op 05658

Decided on October 11, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 11, 2022

Before: Gische, J.P., Kern, Gesmer, Rodriguez, Pitt, JJ. 

Index No. 26792/18E Appeal No. 16396 Case No. 2021-01221 

[*1]Victor Feliciano, Plaintiff-Respondent,
v
Los Chavales #2 Mini Market Corp., et al., Defendants, UAC 3 Developer LLC, Defendant-Appellant.

Milber Makris Plousadis & Seiden, LLP, Woodbury (Lorin A. Donnelly of counsel), for appellant.
The Law Office of Judah Z. Cohen, PLLC, Woodmere (Judah Z. Cohen of counsel), for respondent.

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered March 1, 2021, which, to the extent appealed from, granted plaintiff's motion to vacate a prior order entering a default against plaintiff for failing to appear for a status conference and marking the matter off the active trial calendar, unanimously affirmed, without costs.
Although the motion court granted plaintiff's motion without any explanation, dismissal or remand is not required here because the record is sufficiently complete to allow this Court to make an independent factual review and draw its own conclusions (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). Plaintiff's allegations of law office failure, that counsel failed to appear for the October 4, 2019 status conference because a clerk in counsel's law office did not enter the date in the firm's computer system because the clerk mistakenly believed that the notice pertained to an earlier motion, constituted a reasonable excuse for the default (see Teich v Planned Parenthood of Westchester & Rockland Counties, 283 AD2d 307, 307-308 [1st Dept 2001]).
Plaintiff was not required to submit an affidavit from the employee who actually made the mistake, because the details of the law office error were sufficiently set forth in his counsel's affirmation, and the record shows that some of the delay was caused by the pandemic (see e.g. Heijung Park v Nam Yong Kim, 205 AD3d 429, 429-430 [1st Dept 2022]). Defendant does not dispute that the motion was timely filed, within one year after service of the order with written notice of its entry (CPLR 5015). Further, no demonstration was made as to how defendant UAC 3 Developer LLC was prejudiced by the delay caused by plaintiff's failure to appear for one status conference and the record does not support its assertion that his default was part of a persistent pattern of neglect given that plaintiff filed motions for a default judgment and dismissal against certain defendants and sought to amend the complaint before his default (see Caso v Manmall, Inc., 68 AD3d 470, 471 [1st Dept 2009]; Travelers Ins. Co. v Abelow, 14 AD3d 395 [1st Dept 2005]).
Plaintiff also demonstrated that he has a potentially meritorious cause of action and should not be deprived of his day in court by his counsel's inadvertent error (see Santiago v Valentin, 125 AD3d 459, 460 [1st Dept 2015]). Plaintiff provided an affidavit of merits averring, inter alia, that he reviewed the complaint and believed that its allegations that defendant UAC 3 Developer LLC's negligence in maintaining the sidewalk adjacent to its property caused the accident and his personal injuries, because its employees caused, created or allowed its sidewalk to become a tripping hazard by permitting the area to become filled with garbage or waste, which routinely leaked onto the sidewalk, were true and accurate.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION[*2], FIRST DEPARTMENT.
ENTERED: October 11, 2022