Dyer v SUS Found., Inc. (2023 NY Slip Op 01954)

Dyer v SUS Found., Inc.

2023 NY Slip Op 01954

Decided on April 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2023

Before: Webber, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 

Index No. 156697/15 Appeal No. 55 Case No. 2021-03887 

[*1]Paulette Dyer, as Administratrix of the Estate of William Cannon etc., Plaintiff-Respondent,
v
SUS Foundation, Inc., Defendant, Interfaith Medical Center, Defendant-Appellant.

Vigorito, Barker, Patterson, Nichols & Porter, LLP, Garden City (Adonaid C. Medina of counsel), for appellant.
Hach & Rose, LLP, New York (Evan Bane of counsel), for respondent.

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered August 5, 2021, which granted plaintiff Paulette Dyer's motion, as Administrator of the Estate of William Canon, a/k/a William Cannon, to restore the action to the active calendar, extended plaintiff's time to file the note of issue and compel depositions, unanimously affirmed, without costs.
The motion court providently exercised its discretion in granting plaintiff's motion. Although plaintiff moved to restore after the one year provided in the order had expired, the motion court had discretion to grant the motion since plaintiff demonstrated the merits of the claim, the lack of prejudice, the lack of intent to abandon the action, and a reasonable excuse for the delay (Kaufman v Bauer, 36 AD3d 481, 482 [1st Dept 2007]). After the motion court dismissed this action without prejudice, to be restored with an affidavit of merit, plaintiff immediately hired and paid an expert to opine on the merits of the case. Plaintiff lost contact with that expert, and then the COVID-19 pandemic occurred. Plaintiff eventually retained another expert to prepare an affidavit of merit. This expert opined that Interfaith Medical Center (IMC) deviated from the standard of care when transferring the decedent from its hospital facilities to decedent's residential facility. The expert's affidavit is sufficient to show the potential merit of plaintiff's claim, particularly because depositions have not yet occurred and there is other discovery outstanding (see Cruz v Bronx Lebanon Hosp. Ctr., 73 AD3d 597, 598 [1st Dept 2010]). Moreover, nothing in the record demonstrates plaintiff willfully and contumaciously disregarded court orders related to discovery, since plaintiff provided authorizations, and responded to discovery correspondences, compliance conference orders, and combined discovery demands. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2023