| |
|---|
| **Cagan v 617-625 W 46th St. Owner LLC** |
| 2024 NY Slip Op 32567(U) |
| July 25, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153640/2022 |
| Judge: Dakota D. Ramseur |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. DAKOTA D. RAMSEUR             PART                34M

*Justice*

-------------------------------------------------------------------------X

KIMBERLY CAGAN,

INDEX NO.           153640/2022

Plaintiff,

MOTION DATE         03/25/2024

- v -

MOTION SEQ. NO.         002

617-625 W 46TH STREET OWNER LLC, HUDSON 46 INC
D/B/A HARBOR NYC, NEW AGE PRODUCTIONS INC.
D/B/A HUNK-O-MANIA

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 88

were read on this motion to/for _____ DISMISSAL _____.

      In April 2022, plaintiff Kimberly Cagan commenced this action against defendants 617-625 W 46th Street Owner LLC (hereinafter, "W 46th Street"), Hudson 46 Inc d/b/a Harbor NYC ("Hudson 46"), and New Age Productions Inc. d/b/a Hunk-O-Mania ("New Age") to recover money damages based on injuries plaintiff sustained during a slip and fall. (NYSCEF doc. no. 1, complaint). In June of 2022, New Age filed a pre-answer motion to dismiss pursuant to CPLR 3211 (a) (1) and (a) (5), which this Court denied via Decision and Order dated March 16, 2023 (the "March 2023 Decision"). (NYSCEF doc. no. 47, March 2023 decision). In this motion sequence (002), New Age moves pursuant to CPLR 2221(e) for leave to renew that decision based principally on deposition testimony taken after the Court's Decision. Plaintiff opposes the motion. For the following reasons, New Age's motion is granted, and upon renewal, the Court adheres to its previous decision.

## BACKGROUND

      On November 6, 2021, plaintiff Kimberly Cagan bought tickets for and attended an event known as "Hunk-O-Mania" held at 621 West 46th Street (also known as Harbor NYC Rooftop, or the "subject premises,"). (NYSCEF doc. no. 1, complaint ¶ 3.) The subject premises is owned and operated by W 46th Street. (*Id.*) Defendant Hudson 46—a tenant of W 46th Street—owned and operated a nightclub, lounge, event venue, restaurant, and/or bar on the subject premises. (*Id.* at ¶ 4). Defendant New Age owned and operated the "Hunk-O-Mania" event and used the subject premises event space pursuant to a license agreement with Hudson 46. (*Id.* at ¶ 5; NYSCEF doc. no. 80, license).

      While on the premises, plaintiff suffered a slip and fall allegedly due to a "wet, slippery, dangerous condition on the steps leading to the stage of the subject premises, insufficient and/or

poor lighting of the aforementioned steps, and/or defective and inadequately maintained aforementioned steps." (*Id.* at ¶¶ 6-7). On April 28, 2022, plaintiff commenced this action against each defendant for negligence. Plaintiff alleges that the three defendants negligently permitted the stairs to remain in this wet and unsafe for a sufficient length of time such that it knew or should have known that it presented a dangerous condition. (*Id.* at ¶ 7).

Thereafter, New Age moved pre-answer to dismiss plaintiff's complaint as asserted against it. In doing so, it relied upon two releases she signed in connection with attending Hunk-O-Mania and a licensing agreement between it and Hudson 46. (NYSCEF doc. no. 17, online release; NYSCEF doc. no. 18, plaintiff's waiver.)[1] In its March 2023 Decision, the Court denied New Age's motion under General Obligation Law § 5-326, holding that New Age's releases were unenforceable as they appeared to be waivers exempting them, as "owners and operators" of places of amusement or recreation, from liability for negligence. (NYSCEF doc. no. 47 at 3.) The Court further held that the licensing agreement between Hudson 46 and New Age did not "conclusively establish that New Age did not operate the premises, and New Age does not submit an affidavit or other proof that it did not operate the premises." (*Id.*) As the Court explained, unlike in *Lago v. Krollage* (78 NY2d 95, 101 [1991]), where the moving defendant was entitled to dismissal after it conclusively demonstrated that it was not the owner of a place of amusement or recreation, New Age had yet to make such a demonstration. (NYSCEF doc. no. 47 at 3.) Accordingly, without discovery having taken place, the Court found New Age's motion to be premature. New Age now moves for leave to renew the Court's March 2023 Decision based on the deposition testimony of Andrew Impagliazzo (on behalf of W 46th Street), Joseph Licul (on behalf of Hudson 46), and Armand Peri (on behalf of New Age).

## DISCUSSION

*Motion to Renew Under CPLR 2221(e)*

CPLR 2221(e) provides that a motion for leave to renew shall (1) be based upon new facts not offered on the prior motion that would change the prior determination, and (2) shall contain reasonable justification for the failure to present such facts on the prior motion. (CPLR 2221(e); *Ezzard v One East River Place Reality Co.*, 137 AD3d 648 [1st Dept 2010].) A motion for leave to renew should not be used to provide a second opportunity to argue the original motion to those litigants who have failed to act diligently in making their first factual presentation. (*Henry v Peguero*, 72 AD3d 600, 602 [1st Dept 2010].) "While it is true that a motion for leave to renew is intended to direct the court's attention to new or additional facts which, although in existence at the time the original motion was made, were unknown to the movant…the rule is not inflexible and the court, in its discretion may grant renewal, in the interest of justice, upon facts known to the movant at the time of the original motion." (*Rancho Santa Fe Assn. v Dolan-King*, 36 AD3d 460, 461 [1st Dept 2007] [internal citations omitted].)

Here, New Age has submitted new facts that may alter the prior determination and provided a reasonable justification. First, New Age has offered new facts from Licul, Impagliazzo, and Peri through their deposition testimony that was unavailable on the previous

---

[1] Plaintiff does not deny that if the release and waiver she signed were enforceable, they would bar her action against New Age.

motion sequence. As Hudson 46's owner, Licul testified that Hudson 46 and W 46 Street have a written lease, pursuant to which Hudson 46 pays rent and operates the venue full time. (NYSCEF doc. no. 76 at 46, <u>Licul deposition transcript</u>.) He explained that Hudson 46 and New Age had a separate licensing agreement that was in effect on November 6, 2021 (*id.* at 20); Hunk-O-Mania did not pay rent (*id.* at 50); Hudson 46's management and other staff operated the door and the bar during Hunk-O-Mania events (*id.* at 33-35); Hudson 46 provided the waiters and waitresses at Hunk-O-Mania events; Hudson 46—not New Age—would be expected to address any spills, including those on the stage where plaintiff's alleged accident occurred (*id.* at 38); this was Hudson 46's responsibility through their license agreement, specifically paragraph 2 (b) (*id.*); Hudson secured the necessary license for nightclub operations (*id.* at 57-58); and New Age would not be responsible for securing insurance, repairing any defects, providing security, removing waste, paying for heat/ventilation/HVAC systems (*id.* at ¶ 50-57).

By comparison to the Hudson 46's license, Impagliazzo testified that the lease between W 46th Street and Hudson 46 permitted Hudson 46 to license out the venue, Hudson 46 would be responsible for repairs, utility payments, waste disposal, and maintaining the sidewalk, and Hudson 46 would be liable for a share of the property takes. (NYSCEF doc. no. 78 at 48-50, <u>Impagliazzo deposition transcript</u>.) Peri confirmed much of Licul and Impagliazzo's testimony: he explained that Hudson 46, as a club owner seeking to fill its space with acts, opens up the the subject premises, pays for insurance since promoters like Hunk-O-Mania generally don't have it, and is responsible for cleaning the space, including mopping the floors after spills. (NYSCEF doc. no. 79 at 40-42, 60-61 <u>Peri deposition transcript</u>.) He further testified that New Age's role involved producing, managing, and ensuring the audience's enjoyment of the show. (*Id.* at 33.) Accordingly, New Age's motion for leave to renew is granted and upon renewal, the only remaining issue is whether New Age demonstrated, as a matter of law, that it did not "own or operate" a place of amusement or recreation within the meaning of General Obligation Law § 5-326.

New Age contends that it did not own or operate the subject premises—that, as the comparison between Hudson 46's lease with W 46th Street and its license with New Age demonstrates, Hudson 46 was the sole operator of the club during Hunk-O-Mania events. It further maintains that its sole obligation was to present the show, which does not make it an operator of the venue for Gen. Oblig. Law § 5-326. By contrast, plaintiff argues that questions of fact remain as to whether New Age can be considered an operator: in her view, New Age fails to cite to any caselaw to support the claim that a company that produces and presents a show at a venue is not considered an "operator" of the venue, especially since Peri admitted that New Age and Hudson 46 would collaborate in their production of Hunk-O-Mania events.

While New Age persuasively argues that its agreement with Hudson 46 does not grant it any of the rights and responsibilities of an owner and/or operator of the subject premises itself, this is not dispositive as to whether the releases plaintiff signed are enforceable. In *Williams v City of Albany*, (271 AD2d 855, 856-57 [3d Dept 2000]), the defendant similarly argued that it was not an owner or operator but rather a mere sponsoring organization. While the Court found that it did not "own, maintain or control the playing field where the recreational activity [a sports league] took place," it noted that the relevant inquiry was instead whether the defendant was the operator of the recreational activity in question and received compensation therefor. (*Id.* at 857.)

Under that inquiry, the fact that the defendant created the league in question, arranged for the use of six fields, and provided referees for league play demonstrated it was indeed an operator under § 5-326. (*See also O'Connor v United States Fencing Ass'n*, 260 F Supp 2d 545, 550 [EDNY 2003] [finding that ownership or maintenance of the underlying premises was irrelevant to whether the defendant could be considered an operator].)

Analogously, here, while New Age did not own, maintain, or control the premises itself, it admits to creating and producing the Hunk-O-Mania event, overseeing the show, supplying the dancers, and supplying a "door girl." (NYSCEF doc. no. 79 at 34, 49.) Further, as plaintiff testified and New Age's release corroborates, the performers hired by New Age would call patrons onto the stage as part of the show. (NYSCEF doc. no. 74 at 14, <u>plaintiff deposition transcript</u>; NYSCEF doc. no. 75, <u>release</u> ["During certain acts in the show, ladies from the audience are brought on state to participate in various routines"].) Since plaintiff was injured in during this part of the show—one in which New Age specifically admitted it created, produced, and controlled—New Age has failed to demonstrate that it was not an operator within the meaning of Gen. Oblig. Law § 5-326.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that defendant and New Age Productions Inc. d/b/a Hunk-O-Mania's motion for leave to reargue is granted, and upon renewal, the Court adheres to its Decision and Order dated March 16, 2023; and it is further

ORDERED that the parties shall appear at 60 Centre Street, Courtroom 41 on August 13 at 9:30 a.m. for a status conference with the Court; and it is further

ORDERED counsel for plaintiff shall serve a copy of this order, along with notice of entry, on all parties within ten (10) days of entry.

This constitutes the Decision and Order of the Court.

20240726153830DRAMSEUR64EE9D875C04170B0AB68584250E3AC

_____
**7/25/2024**
**DATE**

_____
**DAKOTA D. RAMSEUR, J.S.C.**

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☒ DENIED ☐ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

[* 4]