Pellerano v New York City Health & Hosps. Corp. (2024 NY Slip Op 05899)

Pellerano v New York City Health & Hosps. Corp.

2024 NY Slip Op 05899

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Renwick, P.J., Moulton, Friedman, Kapnick, Kennedy, JJ. 

Index No. 32700/19 Appeal No. 3132 Case No. 2024-01281 

[*1]Wellington D. Pellerano, Plaintiff-Appellant,
v
New York City Health & Hospitals Corporation, et al., Defendants-Respondents.

The Law Office of Omrani & Taub, P.C., New York (James L. Forde of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Martin Rowe III of counsel), for respondents.

Order, Supreme Court, Bronx County (Alicia Gerez, J.), entered on or about January 24, 2024, which denied plaintiff's motion to reargue and, in effect, denied plaintiff's motion to renew his prior motion to vacate dismissal of the action upon his default, unanimously modified, on the law, the case remanded to Supreme Court for further proceedings in accordance herewith, and otherwise affirmed, without costs.
Regarding reargument, the court purported to simply deny the motion to reargue. However, the court appears to have considered the merits of plaintiff's argument that an affidavit of merit from a physician was unnecessary to establish the merits of his action to vacate the default and it is thus, appealable (see Mohammed v St. Barnabas Hospital, 177 AD3d 509 [1st Dept 2019]; Lewis v Rutkovsky, 153 AD3d 450, 453 [1st Dept 2017]). Nevertheless, upon reargument, the court properly adhered to its determination, a default dismissal of the action, because a party seeking to vacate a default has the two-pronged burden of showing a meritorious claim and a reasonable excuse for the default (see Goncalves v Stuyvesant Development Associates, 232 AD2d 275 [1st Dept 1996]).
We reach a different result regarding plaintiff's motion to renew. A combined motion for leave to reargue and renew is permitted so long as each branch of the motion is separately identified and supported (CPLR 2221 [f]). Here, the motion court considered plaintiff's combined motion to be "couched" as one for reargument and improvidently failed to address or analyze plaintiff's application for renewal.
Plaintiff in this case submitted a medical expert's affidavit as new or additional facts not included on the motion to vacate, which this Court in the past has deemed to be sufficient to support a motion to renew (see Garner v Latimer, 306 AD2d 209, 209-210 [1st Dept 2003]). As plaintiff properly submitted a combined motion for reargument and renewal, CPLR 2221 (f) required the court to "decide each part of the motion as if it were separately made."
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024