Nunez v Turo, Inc. (2025 NY Slip Op 05637)

Nunez v Turo, Inc.

2025 NY Slip Op 05637

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Manzanet-Daniels, J.P., Moulton, González, Rosado, Chan, JJ.

Index No. 810444/21|Appeal No. 4931|Case No. 2024-04306|

[*1]Flavio R. Nunez, Plaintiff-Appellant,

v

Turo, Inc., Defendant-Respondent.

Mitchell Dranow, Sea Cliff, for appellant.

Marshall Dennehey, P.C., New York (Allison Snyder of counsel), for respondent.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered on or about July 9, 2024, which granted defendant's motion for leave to renew its motion for summary judgment dismissing the complaint, and, upon renewal, vacated a prior order dated January 9, 2023 and granted defendant's motion for summary judgment, unanimously affirmed, with costs.

Supreme Court providently exercised its discretion in granting the motion to renew where defendant submitted additional documents that were not previously before the court (see Cruz v Bronx Lebanon Hosp. Ctr., 73 AD3d 597, 598 [1st Dept 2010]). That the documents — certifications of conformity for two affidavits and the terms of service for its online car sharing platform — were available at the time of the original motion is not dispositive, as defendant inadvertently failed to annex them to the motion and renewal is proper to correct a procedural error (Ramos v Dekhtyar, 301 AD2d 428, 429 [1st Dept 2003]). Further, the omission of the additional documents caused no prejudice to plaintiff, as the terms of service were referred to throughout the original motion and the certifications of conformity did not change the substance of the affidavits (see Scannell v Mt. Sinai Med. Ctr., 256 AD2d 214, 214 [1st Dept 1998]; Cruz, 73 AD3d at 598).

As to the merits, defendant established prima facie entitlement to summary judgment by submitting evidence that it did not own the Ford Mustang that struck plaintiff's vehicle, nor did it own any of the other vehicles listed on its online car sharing platform (see Simpson v Pasha Enters. Corp., 224 AD3d 486, 487 [1st Dept 2024]; Cross v Supersonic Motor Messenger Courier, Inc., 140 AD3d 503, 504-505 [1st Dept 2016]). In opposition, plaintiff failed to demonstrate any issues of fact that would require further discovery regarding ownership of the Mustang (see Pacheco v Jabalera, 214 AD3d 516, 517 [1st Dept 2023]).

Plaintiff's arguments challenging the admissibility of evidence based on various technical defects do not compel a different result. The court was empowered to treat the illegibility of the notarizations for the two out-of-state affidavits as a technical defect, as plaintiff failed to demonstrate that his substantial rights had been prejudiced (see Bank of Am., N.A. v Brannon, 156 AD3d 1, 6 [1st Dept 2017]; Seoulbank, N.Y. Agency v D & J Export & Import Corp., 270 AD2d 193, 194 [1st Dept 2000]). The principal of the nonparty company that owned the Mustang averred that the registration was authentic. We reject plaintiff's assertion that Supreme Court should have denied the summary judgment motion because the terms of service were not signed, as defendant's Chief Insurance Officer averred that anyone participating on its car sharing platform was required to agree to the terms of service.

We have considered plaintiff's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 14, 2025