People v Cooper (2020 NY Slip Op 00296)





People v Cooper


2020 NY Slip Op 00296


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-07462
2018-07465

[*1]The People of the State of New York, respondent,
v
Kane Cooper, appellant. (Ind. Nos. 5585/12, 4668/13)


Paul Skip Laisure, New York, NY (Meredith S. Holt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jodi L. Mandel of counsel; Jade W. Sobh on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from two resentences of the Supreme Court, Kings County (Joseph E. Gubbay, J.), both imposed May 30, 2018, upon his convictions of criminal possession of a weapon in the second degree under Indictment No. 5585/12, and assault in the first degree under Indictment No. 4668/13, respectively, upon his pleas of guilty, after remittitur from this Court for resentencing (see People v Cooper, 159 AD3d 979).
ORDERED that the resentences are affirmed.
We agree with the defendant's contention that his purported waiver of the right to appeal was invalid because, inter alia, the Supreme Court's statement, "you waived your right to trial, you waived your right to appeal," effectively lumped the waiver of the right to appeal with the "panoply of trial rights automatically forfeited upon pleading guilty" (People v Lopez, 6 NY3d 248, 257; see People v Gonzalez, 142 AD3d 717, 718; People v Chambers, 142 AD3d 672; People v Brown, 122 AD3d 133, 137). Thus, the purported waiver does not preclude appellate review of the defendant's claim that the court improvidently exercised its discretion in denying him youthful offender treatment. " The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case'" (People v McEachern, 163 AD3d 850, 851, quoting People v Hesterbey, 121 AD3d 1127, 1128). Here, the court providently exercised its discretion in declining to adjudicate the defendant a youthful offender (see People v Booker, 111 AD3d 759, 759-760; People v Lopez, 82 AD3d 906, 907).
Inasmuch as the defendant's purported waiver of the right to appeal was invalid, it does not preclude appellate review of his excessive sentence claim (see People v McEachern, 163 AD3d at 851). However, the resentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., BALKIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court