People v Vasquez (2020 NY Slip Op 07406)





People v Vasquez


2020 NY Slip Op 07406


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2018-14912
 (Ind. No. 387/17)

[*1]The People of the State of New York, respondent,
v
Jose Vasquez, appellant.


Janet E. Sabel, New York, NY (Heidi Bota of counsel), for appellant.
Michael E. McMahon, District Attorney, State Island, NY (Morrie I. Kleinbart of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Richmond County (Stephen J. Rooney, J.), imposed November 2, 2018, sentencing him to a determinate term of imprisonment of four years, to be followed by 2½ years of postrelease supervision, upon his conviction of criminal possession of a weapon in the second degree, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of four years, to be followed by 2½ years of postrelease supervision, to a determinate term of imprisonment of 3 ½ years, to be followed by 2½ years of postrelease supervision.
"The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case" (People v McEachern, 163 AD3d 850, 851). Here, the court providently exercised its discretion in denying the defendant youthful offender treatment (see People v Cooper, 179 AD3d 832; People v McEachern, 163 AD3d 850).
The defendant's sentence is excessive under the circumstances presented (see People v Suitte, 90 AD2d 80). Accordingly, we reduce his determinate term of incarceration to the statutory minimum of 3½ years (see Penal Law § 70.02[1][b]; [3][b]).
MASTRO, J.P., MILLER, DUFFY, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court