People v Walker (2020 NY Slip Op 07921)





People v Walker


2020 NY Slip Op 07921


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-10764
 (Ind. No. 2815/16)

[*1]The People of the State of New York, respondent,
v
Jeremiah Walker, appellant.


Paul Skip Laisure, New York, NY (Patricia Pazner of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Michael Gary, J.), imposed June 28, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid, as the Supreme Court mischaracterized the nature of the waiver by stating, inter alia, that the defendant was giving up his right to appeal his case and his right to have an attorney assigned on appeal (see People v Thomas, 34 NY3d 545, 563-566). Where, as here, "a trial court has utterly mischaracterized the nature of the right a defendant was being asked to cede, an appellate court cannot be certain that the defendant comprehended the nature of the waiver of appellate rights" (People v Thomas, 34 NY3d at 563-566). Further, in light of a disturbance in the courtroom during the plea proceeding, and the defendant's mental health history, the court's limited colloquy did not ensure that the defendant understood the distinction between the right to appeal and the other rights that he automatically forfeited upon his plea of guilty (see People v Fuller, 163 AD3d 715). Further, the written waiver form did not overcome the ambiguities in the court's on-the-record explanation of the right to appeal (see People v Thomas, 34 NY3d at 568). Thus, the purported waiver does not preclude review of the defendant's excessive sentence claim (see People v Fuller, 163 AD3d at 715).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., CHAMBERS, AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court