People v Rivera (2021 NY Slip Op 02180)





People v Rivera


2021 NY Slip Op 02180


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-05008
 (Ind. No. 221/16)

[*1]The People of the State of New York, respondent,
v
Franchesca Rivera, appellant.


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Stephen J. Rooney, J.), rendered April 6, 2017, convicting her of attempted robbery in the first degree, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to attempted robbery in the first degree in full satisfaction of an indictment charging her with participating in four separate robberies. When allocuting the defendant as to a purported waiver of the right to appeal, the Supreme Court stated, in relevant part: "If you cannot afford an appellate lawyer, one would be assigned to represent you. But you're being asked as a condition of the plea agreement to waive that right." The court further stated: "By agreeing to waive the right to appeal, your convictions and sentences will not receive any further review and shall be final."
The defendant's purported waiver of her right to appeal was invalid, as the Supreme Court mischaracterized the nature of the waiver by stating, inter alia, that the defendant was giving up her right to any further review of her case and her right to have an attorney assigned on appeal (see People v Thomas, 34 NY3d 545, 563-566; People v Walker, 189 AD3d 1470, 1470). Where, as here, "a trial court has utterly mischaracterized the nature of the right a defendant was being asked to cede, an appellate court cannot be certain that the defendant comprehended the nature of the waiver of appellate rights" (People v Thomas, 34 NY3d at 565-566 [internal quotation marks omitted]; see People v Walker, 189 AD3d at 1470).
"The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case" (People v McEachern, 163 AD3d 850, 851 [internal quotation marks omitted]). Here, the Supreme Court providently exercised its discretion in denying the defendant youthful offender treatment (see People v Cooper, 179 AD3d 832; People v McEachern, 163 AD3d at 851).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., DILLON, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court